UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD AGEE, JR., an individual;
JEROME BENNETT, an individual;
DENNIS LEORY BLACK, JR., an individual;
JAMEE BURBRIDGE, an individual;          No. 1:22-cv-00272
BEVERLY ANN BURRELL, an individual;
JEMELL COTTON, an individual; TERESA
DUBOSE, an individual; KAREN             THREE-JUDGE PANEL
FERGUSON, an individual; MICHELLE        APPOINTED PURSUANT TO 28
KEEBLE, an individual; NORMA             U.S.C. § 2284(a)
McDANIEL, an individual; GLENDA
McDONALD, an individual; JANET MARIE
OVERALL, an individual; SHIRLEY L.       **DEFENDANT MICHIGAN**
RADDEN, an individual; DAVONTE           **SECRETARY OF STATE**
SHERARD, an individual; MICHELLE T.      **JOCELYN BENSON'S REPLY**
SMITH, an individual; KENYETTA SNAPP,    **BRIEF IN SUPPORT OF**
an individual; DONYALE STEPHEN-          **MOTION TO DISMISS**
ATARA, an individual; and TANESHA
WILSON, an individual,

        Plaintiffs,

v

JOCELYN BENSON, in her official capacity
as Secretary of State of Michigan;
MICHIGAN INDEPENDENT
REDISTRICTING COMMISSION;
DOUGLAS CLARK, JUANITA CURRY,
ANTHONY EID, RHONDA LANGE,
STEVEN TERRY LETT, BRITTNI
KELLOM, CYNTHIA ORTON, M.C.
ROTHHORN, REBECCA SZETELA,
JANICE VALLETTE, ERIN WAGNER,
RICHARD WEISS and DUSTIN WITJES, in
their official capacities as Commissioners of
the Michigan Independent Citizens
Redistricting Commission,

        Defendants.

John J. Bursch (P57679)
Attorney for Plaintiffs
9339 Cherry Valley Ave, SE, #78
Caledonia, Michigan 49316
616.450.4235
jbursch@burschlaw.com

Michael J. Pattwell (P72419)
James J. Fleming (P84490)
Attorneys for Plaintiffs
212 East Cesar E. Chavez Ave
Lansing, Michigan 48906
517.318.3100
mpattwell@clarkhill.com
jfleming@clarkhill.com

Nabih H. Ayad (P59518)
Co-Counsel for Pls Agee & Sherard
645 Griswold St, Ste 2202
Detroit, Michigan 48226
313.983.4600
nabihayad@ayadlawpllc.com

Heather S. Meingast (P55439)
Erik A. Grill (P64713)
Assistant Attorneys General
Attorneys for Defendant Benson
P.O. Box 30736
Lansing, Michigan 48909
517.335.7659
meingasth@michigan.gov
grille@michigan.gov

_____/

**DEFENDANT MICHIGAN SECRETARY OF STATE JOCELYN BENSON'S
REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS**

Heather S. Meingast (P55439)
Erik A. Grill (P64713)
Assistant Attorneys General
Attorneys for Michigan Secretary of
State Jocelyn Benson
P.O. Box 30736
Lansing, Michigan 48909
517.335.7659
Email:  meingasth@michigan.gov
P55439

Dated:  August 9, 2022

**TABLE OF CONTENTS**

Page

Table of Contents.......................................................................................................i

Index of Authorities.................................................................................................ii

Concise Statement of Issue Presented...................................................................iii

Argument ................................................................................................................. 1

I.      Defendant Secretary of State Jocelyn Benson should be dismissed
        where Plaintiffs have failed to state a claim against the Secretary
        under the Equal Protection Clause or the Voting Rights Act. ......................... 1

        A.      Plaintiffs fail to state a claim against the Secretary of State
                under the Equal Protection Clause where she is not sufficiently
                connected to, or responsible for, the alleged unlawful conduct............. 1

        B.      Plaintiffs fail to state a claim against the Secretary of State
                under the Voting Rights Act because they lack standing to bring
                these claims against her. ..................................................................... 5

Conclusion and Relief Requested............................................................................ 8

Certificate of Service................................................................................................ 8

## INDEX OF AUTHORITIES

Page

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009),...........................................................................5

*Banerian, et al v. Benson, et al.*, Case 1:22-cv-00054 .....................................................2

*Brown v. Jacobsen*, No. CV 21-92-H-PJW-DWM-BMM, 2022 WL 683089 (D.
  Mont. Mar. 8, 2022)......................................................................................................5

*Lujan v. Defs. of Wildlife*, 504 U.S. 95 (1983)..............................................................5

*U.S. Postal Serv. v. Gregory*, 534 U.S. 1 (2001) .........................................................4, 7

*United States v. Chemical Foundation, Inc.*, 272 U.S. 1 (1926)...................................4

**Rules**

Fed. R. Civ. P. 12(b)(1)....................................................................................................8

Fed. R. Civ. P. 12(b)(6)....................................................................................................8

**Constitutional Provisions**

Mich. Const. 1963, art. 4, § 6(1) .....................................................................................2

Mich. Const. 1963, art. 4, § 6(14)(c)(iii)..........................................................................1

Mich. Const. 1963, art. 4, § 6(19) ...................................................................................2

Mich. Const. 1963, art. 4, § 6(22) ...................................................................................2

## CONCISE STATEMENT OF ISSUE PRESENTED

1.   To survive a motion to dismiss, Plaintiffs must allege sufficient factual matter to state a claim to relief that is plausible on its face.  Where Plaintiffs fail to allege sufficient facts connecting the Secretary of State to the purported unlawful conduct – the drawing and adoption of the state house and senate redistricting plans – and where the Secretary could not provide the relief Plaintiffs seek – the drawing and adopting of new plans – should the amended complaint be dismissed as to Secretary Benson?

## ARGUMENT

**I.    Defendant Secretary of State Jocelyn Benson should be dismissed where Plaintiffs have failed to state a claim against the Secretary under the Equal Protection Clause or the Voting Rights Act.**

**A.    Plaintiffs fail to state a claim against the Secretary of State under the Equal Protection Clause where she is not sufficiently connected to, or responsible for, the alleged unlawful conduct.**

Plaintiffs argue that the Secretary's "constitutional mandate to oversee, assist with, and enforce the unlawful District maps" is sufficient to make her a proper defendant here.  (ECF No. 22, PageID.328.)  But their arguments are unpersuasive, to say the least.

They note the Secretary's administrative duties in providing technical assistance and support to the Commission in the performance of its duty to draw maps. And they seize on the constitutional provision that comes into play if the Commission does not approve a plan, arguing that the "Secretary is mandated to randomly select [a plan] herself." *Id.*, citing Mich. Const. 1963, art. 4, § 6(14)(c)(iii). But like her other administrative duties, that provision does not give her any substantive or discretionary authority to select a plan.  Rather, the selection must be "random."  In essence, she must draw a plan out of a hat, so to speak.  Further, like the other duties assigned to her by the people under article 4, § 6, her duty under that provision operates as a matter of law.  Meaning, no direction from another entity, like this Court, is necessary to require her obedience to Michigan's constitution.

Plaintiffs also argue that the Secretary "concede[ed] in her Motion to Dismiss, she also has the authority to update (*or not*) the actual District maps that

1

her office maintains for use by all Michigan election officials." (ECF No. 22, PageID.329) (emphasis added.) But this is misleading. The Secretary conceded she must update the state's qualified vote file after the Commission adopts new maps. She did not, and does not, concede she has the authority to decline to do so because she does not have authority to refuse to update the voter file after the adoption of new maps. Indeed, Plaintiffs point to no constitutional or statutory provision that authorizes the Secretary to ignore or repudiate the Commission's adoption of plans. The people of Michigan have entrusted the drawing of plans to the Commission, and to the Commission only. Mich. Const. 1963, art. 4, § 6(1), (19), (22).

Plaintiffs further argue that the Secretary's position here—that she should be dismissed—is inconsistent with her position in the related case of *Banerian, et al v. Benson, et al.*, Case 1:22-cv-00054. (ECF No. 22, PageID.329.) It is true the Secretary has not sought dismissal yet in that case. As the panel knows from the Secretary's briefing and argument there, the Secretary has no position with respect to the constitutionality of the challenged maps. Rather, the Secretary addressed only the timing of updating the qualified voter file since the plaintiffs in that case were seeking the adoption of new maps before the 2022 primary and general election cycle commenced in April 2022. (See Defendant Benson's Response to Plaintiffs' Motion for Preliminary Injunction, Case 1:22-cv-00054, ECF No. 47.)

But this case presents no timing concern for the Secretary since, aside from this coming November, there will be no regularly scheduled elections for the Michigan House of Representatives or the Michigan Senate until August and

2

November of 2024.  Presumably, the case will resolve with sufficient time for the

Secretary to update the qualified voter file before the Spring of 2024 if the

Commission is directed to draw new maps.  Accordingly, the Secretary has no

similarly pragmatic reason to remain in this case.

Plaintiffs argue that it is "irrelevant" that the Secretary "says she will

abstain from taking a substantive position on the merits of this case regardless of

whether she is a party," and that it is "meaningless" that the Secretary "says she

will update the district maps if Plaintiffs prevail in this suit." (ECF No. 22,

PageID.330.)  They argue "[i]t satisfies justiciability and redressability" that the

Secretary "has the power *not* to update the District maps, and the power *to take* a

substantive position." *Id.*, PageID.331-32 (emphasis in original.)  They assert that

without the Secretary's "presence as a party, it is not immediately clear whom this

Court would direct to update District maps within the Office of the Michigan

Secretary of State." *Id.*, PageID.332.  But these arguments are also unpersuasive.

Again, the Secretary does not have authority to refuse to implement

redistricting plans adopted by the Commission.  Plaintiffs point to no provision in

Michigan law that says that.  The only grounds the Secretary would have for

declining to implement plans into the qualified voter file would be if a court opines

that a plan is unlawful.  The Secretary does not have any independent authority to

so conclude.   And contrary to Plaintiffs' concern, the Secretary would not need to be

directed by this Court to update maps that the Court has ordered the Commission

to re-draw and has approved as lawful, should Plaintiffs prevail.  Instead, the

Secretary would have a (legally enforceable) duty to implement whatever new maps the Commission may adopt pursuant to an order of this Court. It simply is not necessary for the Secretary, a state officer, to be a party for her to respect and follow any future order of this Court that binds the Commission to approve new plans. Indeed, Secretary Benson, like other public officials, is entitled to a presumption that she will properly perform her duties and act according to the law.  See, e.g., *U.S. Postal Serv. v. Gregory,* 534 U.S. 1, 10 (2001) (noting "that a presumption of regularity attaches to the actions of Government agencies"). "[I]n the absence of clear evidence to the contrary, courts presume that [public officials] have properly discharged their official duties." *United States v. Chemical Foundation, Inc.,* 272 U.S. 1, 14-15 (1926).

With respect to taking a substantive position on the plans, the Secretary has informed this Court, through her undersigned counsel, that she does not have and will not take a substantive position on the plans if she is compelled to remain in this lawsuit.[1]  Plaintiffs speculate with no grounds that the Secretary could change her mind.  Plaintiffs appear to suggest that if the Secretary is dismissed, she could then decide to take a substantive position as to the Commission's plans and then act to obstruct Plaintiffs' legal efforts.  But such an argument would only be pure speculation, with no evidence—or, indeed, a logical reason—that the Secretary might to want to take such a curious approach.  Plaintiffs appear to be grasping for reasons to keep the Secretary in this case where there are none.

---

[1] This is consistent with her position in *Banerian.*

Because Plaintiffs' factual allegations are insufficient to support plausible equal protection claims against the Secretary, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), Counts III and IV should be dismissed as to her.  Further, Plaintiffs' equal protection claims would likewise warrant dismissal for lack of standing for the same reasons discussed below regarding Plaintiffs' Voting Rights Act claims.

**B.      Plaintiffs fail to state a claim against the Secretary of State under the Voting Rights Act because they lack standing to bring these claims against her.**

The Secretary argued in her motion to dismiss that Counts I and II, Plaintiffs' Voting Rights Act claims, should be dismissed as to her for lack of standing because Plaintiffs have not satisfied the "traceability" and "redressability" requirements.  *Lujan v. Defs. of Wildlife*, 504 U.S. 95, 101 (1983).

Plaintiffs argue in their Response that there is a sufficient causal connection between their injury – the alleged adoption of unlawful maps – and the Secretary because of the administrative duties the Secretary provides or provided to the Commission and her obligation to implement the maps by updating the qualified voter file.  (ECF No. 22, PageID.332.)  They argue "[r]egardless that the Secretary did not draw the maps herself, her actions are directly connected to the creation of the unlawful districts and the deprivation of Plaintiffs' rights under the VRA." *Id.*  Plaintiffs point to a decision by a Montana district court that denied the Montana Secretary of State's motion to dismiss in an apportionment case based on similar arguments.  *Id.*, citing *Brown v. Jacobsen*, No. CV 21-92-H-PJW-DWM-BMM, 2022 WL 683089, at *7 (D. Mont. Mar. 8, 2022) (unpublished.)

But in the Montana case, the court concluded that the "traceability" element

was met because the Montana Secretary of State administers elections—which

includes certifying candidate names for the ballot and certifying results—and the

plaintiffs there had requested that the Secretary be enjoined from implementing

and administering candidate filings under the current electoral maps. *Id*. at \*7.

"Thus, [ ] where Plaintiffs' prayer for relief specifically requests that Jacobsen be

enjoined from implementing and administering candidate filings for elections upon

the current Commission district map, [ ] that request directly aligns with Jacobsen's

duties as the Secretary of State. It provides the necessary 'causal link' to satisfy the

second prong of the standing inquiry." *Id*. The Montana court concluded that the

"redressability" element was met for the same reasons. *Id*. at \*8.

But here, Plaintiffs have not made that same connection in their pleadings

and requested relief specific to the Secretary's election duties. (See Am. Compl., ¶¶

B, D, PageID.151-152.) Moreover, it was significant in the Montana case that the

Secretary of State was the only defendant, and that the entity responsible for

drawing the challenged maps—the Montana Legislature—was immune from suit.

*Id*. That is not the case here, where Plaintiffs have named the map drawer—the

Commission—as a party.

Further, Plaintiffs again seize on the Secretary's supposed authority "*not* to

update the District maps," and her power "*to* take a substantive position." (ECF No.

22, PagedID.332.) But as discussed above, those arguments are a misdirection.

Plaintiffs assert that the Secretary "will have the opportunity to argue the merits of

why she has not deprived Plaintiffs of their VRA rights." *Id.*  But any summary judgment brief the Secretary files is simply going to repeat arguments made here; the Secretary has no substantive role in proposing, drawing, and adopting plans— and her ministerial role in causing the qualified voter file to be updated to reflect new maps (maps that she has no independent power to reject, alter, or deviate from) is not the cause of Plaintiffs' alleged injuries, constitutional or otherwise.

Plaintiffs also repeat their flawed argument that if the Commission fails to adopt new plans pursuant to an order of this Court, the Michigan Constitution requires the Secretary to randomly select a plan. *Id.* at PageID.333.  But as noted above, the state constitution already compels the Secretary to make this random selection.  No court order would be required.

Plaintiffs further argue that "[i]f this Court were to order that the Districts be redrawn and Defendant Benson be dismissed, she could choose to ignore this Court's order as a non-party and implement maps that continue to deprive Plaintiffs of their VRA rights." *Id.*  This is, of course, theoretically possible (at least temporarily) but nonetheless ridiculous.  Secretary Benson would not ignore a court order and maintain districts that have been held unlawful.  Again, Secretary Benson is entitled to a presumption that she will comply with the law.  See, e.g., *U.S. Postal Serv.,* 534 U.S. at 10; *Chemical Foundation, Inc.,* 272 U.S. at 14–15. Indeed, if the Secretary refused to implement new, court-ordered plans adopted by the Commission under the constitution, she would surely be subject to an immediate complaint for mandamus or other action. The concerns articulated by

7

Plaintiffs simply do not support a conclusion that they have standing as to the Secretary.

Because Plaintiffs have not met their burden to clearly allege facts demonstrating that each of the standing elements is met with respect to the Secretary of State, Counts I and II should be dismissed as to her.

## CONCLUSION AND RELIEF REQUESTED

For the reasons set forth above and in her principal brief, Defendant Secretary of State Jocelyn Benson respectfully requests that this Court grant her motion to dismiss under Rule 12(b)(1) and (6).

Respectfully submitted,

s/Heather S. Meingast
Heather S. Meingast (P55439)
Erik A. Grill (P64713)
Assistant Attorneys General
Attorneys for Defendant Benson
P.O. Box 30736
Lansing, Michigan 48909
517.335.7659
Email:  meingasth@michigan.gov
P55439

Dated:  August 9, 2022

## CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2022, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

s/Heather S. Meingast
Heather S. Meingast (P55439)
Assistant Attorney General
P.O. Box 30736
Lansing, Michigan 48909
517.335.7659
Email:  meingasth@michigan.gov
P55439
