UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DONALD AGEE, JR., *et al.*, <br>        Plaintiffs, <br> <br> v. <br> <br> JOCELYN BENSON, in her official capacity as the Secretary of State of Michigan, *et al.*, <br>        Defendants. | No. 1:22-cv-272 <br><br> Three-Judge Court |

## ORDER DENYING DEFENDANT JOCELYN BENSON'S MOTION TO DISMISS

KETHLEDGE, Circuit Judge. Twenty Michigan voters argue that the State's new legislative districts have been racially gerrymandered. They bring claims under 42 U.S.C. § 1983 and Section 2 of the Voting Rights Act, 52 U.S.C. § 10301, seeking declaratory and injunctive relief. Michigan's Secretary of State filed this motion to dismiss, arguing that she lacks any meaningful connection to the new districting plans. We deny the motion.

I.

In November 2018, Michigan voters approved a state constitutional amendment that shifted the power to draw state legislative districts from the legislature to the "Michigan Independent Citizens Redistricting Commission." Mich. Const. art. IV, §6. The amendment also directed the Michigan Secretary of State to serve as the Commission's non-voting secretary. *Id.* at §6(4). In 2021, the Commission redesigned the districts for the State Senate and House of Representatives. The Secretary of State implemented the Commission's plans by updating the State's "qualified voter file," thereby placing voters into the new districts. Plaintiffs then brought this suit against the Secretary of State, the Commission, and each of the Commissioners in their official capacities,

challenging the new plans under the Voting Rights Act and the federal Equal Protection Clause. The Secretary now moves to dismiss the complaint for lack of standing and failure to state a claim.

II.

A.

The Secretary argues primarily that the plaintiffs lack standing to sue her. "We take as true the well-pleaded allegations in the complaint and ask whether plaintiffs plausibly alleged their standing to sue." *Universal Life Church Monastery Storehouse v. Nabors*, 35 F.4th 1021, 1031 (6th Cir. 2022). Standing has three elements: (i) an injury in fact that is (ii) fairly traceable to the defendant's conduct and (iii) redressable by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Plaintiffs must establish standing separately as to each claim, as to each defendant, and as to each form of relief sought. *See Universal Life Church*, 35 F.4th at 1031.

Here, the Secretary concedes that the plaintiffs have adequately pled an injury in fact, namely the alleged abridgement on racial grounds of their right to vote. She focuses on the second element of standing and argues that the plaintiffs' injury cannot be fairly traced to her actions, which she characterizes as merely "administrative." But the Secretary is Michigan's "chief election officer." Mich. Comp. Laws §168.21. Only she can place voters in the districts established by the Commission. Mich. Comp. Laws §168.509*o*(1). And the Secretary acknowledges that she implemented the districting plans at issue here by updating the State's qualified-voter file. Had she not done so, the plaintiffs would not have been placed in the new, allegedly unlawful districts. Thus, the plaintiffs allege, they find themselves in racially gerrymandered districts because the Secretary put them there. Hence their alleged injury is traceable to her.

The Secretary also argues that the plaintiffs' injury is not redressable in a lawsuit against her in particular. Specifically, she says that the plaintiffs have chosen the wrong defendant, since the Commission alone can draw new legislative districts. But the Commission's maps are meaningless unless the Secretary implements them. *Cf. Lavin v. Husted*, 689 F.3d 543, 546 (6th Cir. 2012). Thus, if the plaintiffs prove that the current district plan is unlawful, they could seek to enjoin her to implement a lawful one. *See Universal Life Church*, 35 F.4th at 1032. The plaintiffs therefore have standing to sue her.

B.

The Secretary argues on similar grounds that she is entitled to immunity under the Eleventh Amendment and that the plaintiffs have failed to state a claim against her under 42 U.S.C. § 1983. These arguments are meritless. Sovereign immunity "does not stand in the way of a lawsuit against a public official actively involved with administering the alleged violation." *McNeil v. Cmty. Prob. Serv's., LLC.*, 945 F.3d 991, 995 (6th Cir. 2019) (internal quotation marks omitted). And a state official who by virtue of her office has "some connection with the alleged unconstitutional act or conduct" is a proper defendant in a § 1983 action. *See Top Flight Entertainment, Ltd. v. Schuette*, 729 F.3d 623, 634 (6th Cir. 2013). The Secretary concedes that she has an active role in the implementation of new legislative districts. Hence she is a proper defendant here. *See McNeil*, 945 F.3d at 995.

Finally, the Secretary points out that the plaintiffs could obtain complete relief even if she were not a defendant in this case. That may be true, but it is irrelevant. The plaintiffs "are free to structure their complaint as they wish." *McNeil*, 945 F.3d at 996. Absent some other bar, they are free to sue the Secretary. *Id.*

We deny the Secretary's motion to dismiss (ECF No. 17).

**IT IS SO ORDERED.**

Date: September 21, 2022 /s/ Raymond M. Kethledge
Raymond M. Kethledge
United States Circuit Judge

/s/ Paul L. Maloney
Paul L. Maloney
United States District Judge

/s/ Janet T. Neff
Janet T. Neff
United States District Judge