UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DONALD AGEE, JR. *et al.*, ) <br> Plaintiffs, ) <br> ) <br> -v- ) <br> ) <br> JOCELYN BENSON, in her official ) <br> capacity as the Secretary of State ) <br> of Michigan, *et al.*, ) <br> Defendants. ) <br> _____ ) | No. 1:22-cv-272 <br><br> Three-Judge Court |

## ORDER DENYING MOTION FOR LEAVE TO FILE AMICI BRIEF

Jon X. Eguia, a Professor of Economics and Political Science at Michigan State University, and Common Cause, a nonprofit and nonpartisan voting rights organization (collectively, "Movants"), seek leave to file their joint *amici curiae* brief (ECF No. 27). Because the *amici* brief improperly introduces expert testimony, we will deny the motion.

Participation in a lawsuit as an *amicus* is a privilege that falls within the sound discretion of the court. *See United States v. Michigan*, 940 F.2d 143, 165 (6th Cir. 1991). The term "*amicus curiae*" is a Latin term that translates to "a friend of the court." *Leigh v. Engle*, 535 F. Supp. 418, 419 (N.D. Ill. 1982). When asked to grant *amicus curiae* status, courts should consider whether "the proffered information is timely, useful, or otherwise necessary to the administration of justice." *Michigan*, 940 F.2d at 165. Generally, participation as an *amicus* is limited to "aid[ing] the court in resolving doubtful issues of law," *id.* at 165, rather than being given full litigating status. *See id.* ("Amicus . . . has never been recognized, elevated to, or accorded the full litigating status of a named party or a real party

in interest, and amicus has been consistently precluded from initiating legal proceedings, filing pleadings, or otherwise participating and assuming control of the controversy in a totally adversarial fashion.") (internal citation omitted).

The proposed *amici* brief substantially relies on a 163-page report,[1] of which Movant Jon X. Eguia claims to be the "lead author" (ECF No. 27 at PageID.356). The report thoroughly analyzes draft and proposed maps drawn by the Michigan Independent Citizens Redistricting Commission and compares them to "randomly [computer-]generated alternate districting plans" (ECF No. 27-2 at PageID.369). Movants' *amici* brief references the statistical and mathematical analyses contained in this report in reasoning that the Michigan Senate map "merits court scrutiny" (*see id.* at PageID.362, 369-70, 376). Further, the brief also relies on a 76-page report[2] by Dr. Lisa Handley, which "report[s] on the number of state legislative seats in the 2011 maps that were majority Black or had sufficient Black population to enable the Black community to elect candidates of choice" (*Id.* at PageID.367-68). Movants use this report to compare the 2011 Michigan Senate map to the current Senate map in question.

In relying on these reports, Movants' proposed *amici* brief contains highly technical mathematical, statistical, legal, and redistricting analyses. If this Panel permitted Movants to

---

[1] JON X. EGUIA, MICHIGAN REDISTRICTING MAP ANALYSIS (2021), *available at* https://www.google.com/url?sa=t&rct=j&q=&esrc=s&source=web&cd=&ved=2ahUKEwi3nqCgy6j6AhXhFVkFHV0hB-IQFnoECBIQAQ&url=https%3A%2F%2Fippsr.msu.edu%2Fsites%2Fdefault%2Ffiles%2FSOSS%2Fdata-publications%2FFINALInterimReportWebUpdated22-compressed.pdf&usg=AOvVaw0-QDHnl3fQ2cJenpIdHiEU.

[2] DR. LISA HANDLEY, REPORT TO THE MICHIGAN INDEPENDENT CITIZENS REDISTRICTING COMMISSION (2021), *available at* https://www.google.com/url?sa=t&rct=j&q=&esrc=s&source=web&cd=&cad=rja&uact=8&ved=2ahUKEwjx1JOx26j6AhUxGVkFHbUZBG4QFnoECAwQAQ&url=https%3A%2F%2Fwww.michigan.gov%2Fmicrc%2F-%2Fmedia%2FProject%2FWebsites%2FMiCRC%2FNov82021TOJan312022%2FHandley_Final__Report_to_MICRC_with_Appendices.pdf%3Frev%3D44e5d468277240879b7d496e133d5e1c%26hash%3DD0131E88C91486F842B29E88030D671C&usg=AOvVaw3Kt4eKCPIn77O7o07Y9dFS.

file their proposed brief, Movants would improperly bypass the requirements of Fed. R. Evid. 702 in ensuring that a proposed witness is a qualified expert, as well as the procedural and disclosure requirements as to expert witnesses and reports. *See* Fed. R. Civ. P. 26(a)(2). Movants' *amici* brief essentially offers undisclosed expert testimony—testimony that they have not established passes the threshold requirements of Fed. R. Evid. 702.

For this reason, this Court will exercise its discretion and deny Movants' motion. Accordingly,

**IT IS HEREBY ORDERED** that Movants' motion for leave to file their *amici curiae* brief (ECF No. 27) is **DENIED.**

**IT IS SO ORDERED.**

Date: September 23, 2022

/s/ Raymond M. Kethledge
Raymond M. Kethledge
United States Circuit Judge

/s/ Paul L. Maloney
Paul L. Maloney
United States District Judge

/s/ Janet T. Neff
Janet T. Neff
United States District Judge