UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DONALD AGEE, JR., an individual, *et al.*, | |
| Plaintiffs, | Case No. 1:22-cv-00272 |
| v. | **Three-Judge Panel Appointed Pursuant to 28 U.S.C. § 2284(a)** |
| JOCELYN BENSON, in her official capacity as the Secretary of State of Michigan, *et al.*; | |
| Defendants. | |

## JOINT STATUS REPORT

Pursuant to this Court's Order setting Rule 16 Scheduling Conference, the parties submit the following for their Joint Status Report:

A Rule 16 Scheduling Conference is scheduled for <u>October 24, 2022 at 10:00 a.m.</u>, before District Judge Paul L. Maloney, at 174 Federal Building, 410 W. Michigan Avenue, Kalamazoo, Michigan.

Appearing for the parties as counsel will be:

For the Plaintiffs: John J. Bursch (P57679), Michael J. Pattwell (P72419), James J. Fleming (P84490).

For Defendant Michigan Independent Citizens Redistricting Commission and Defendant Commissioners (sued in their official capacities) (collectively, "the Commission"): Erika Dackin Prouty, Dima J. Atiya, and Nathan J. Fink (P75185).

For Defendant Jocelyn Benson: Heather S. Meingast (P55439) Erik A. Grill (P64713) Assistant Attorneys General

**1.     Jurisdiction: The basis for the Court's jurisdiction is:**

Jurisdiction is proper with this Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343. Plaintiffs' claims all arise under the Constitution and/or laws of the United States, respectively U.S. Const. amend. XIV, § 1 and/or 52 U.S.C. § 10301.

**2.     Jury or Non-Jury:**  This case is to be tried before the three-judge panel pursuant to 28 U.S.C. § 2284.

**3.     Judicial Availability:** The parties agree to not have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

**4.     Statement of the Case**:

*Plaintiffs' Statement of the Case*

This case involves what Plaintiffs claim is the racial gerrymandering of certain Michigan Senate and House of Representatives district boundary maps located in the Detroit metropolitan area. Specifically, Plaintiffs claim that these Districts were racially gerrymandered and deprive Plaintiffs their rights secured by Section 2 of the federal Voting Rights Act, 52 U.S.C. § 10301 ("VRA") and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, U.S. Const. amend. XIV, § 1.

Plaintiffs bring claims against Defendants for violations of the Equal Protection Clause in Count III and Count IV of their First Amended Complaint. ECF No. 8, PageID.143, 146. Specifically, Plaintiffs claim that the challenged districts subordinate traditional, race-neutral principles, such as compactness, contiguity, and respect for political subdivision or communities to race as the predominant consideration for drawing district lines, violating Plaintiffs' constitutional rights. See *Miller v. Johnson*, 515 U.S. 900, 915 (1995); see also *Easley v. Cromartie*, 532 U.S. 234, 241 (2001).

Plaintiffs additionally bring claims against Defendants for violations of the VRA in Counts I and II of their Amended Complaint. ECF No. 8, PageID.135, 141. The crux of Plaintiffs' VRA claims are that Defendants drew the challenged districts in a way that prevents Plaintiffs and Black voters from electing their candidates of choice.

*Defendants' Statement of the Case*

The Commission denies that the challenged districts violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, Section 2 of the Voting Rights Act, or any other applicable law. The Commission asserts several defenses, including but not limited to: Plaintiffs seek relief under the Voting Rights Act that violates the Equal Protection Clause; the Amended Complaint fails to state a claim upon which relief can be granted; the Amended Complaint, or portions thereof, are barred by the doctrines of *res judicata*, claim preclusion, and/or issue preclusion; and some or all of the Plaintiffs lack standing to pursue their claims.

The Secretary of State takes no substantive position regarding the legality of the challenged districts.

**5.     Prospects of Settlement**:  The parties have not yet engaged in settlement negotiations. Though the nature of the case makes settlement unlikely, as this case progresses and the parties

engage in discovery, the parties anticipate that they will explore settlement discussions with the hope of reaching a final resolution without the need for this Court's involvement.

**6.     Pendent State Claims:**  The case does not include pendent state claims.

**7.     Joinder of Parties and Amendment of Pleadings**: The parties do not expect that there is any need to add any additional parties to this action. The parties agree that all motions to amend pleadings or add parties will be filed no later than Monday, February 6, 2023.

**8.  Disclosures and exchanges:** The parties agree as follows with respect to disclosures and exchanges:

(a) The parties shall provide Rule 26(a)(1) initial disclosures within 30-days from the Rule 16 Scheduling Conference or Wednesday, November 23, 2022.

(b) Plaintiffs shall furnish the names of expert witness(es) by Wednesday, December 28, 2022.

(c) Plaintiffs shall serve written expert witness reports as contemplated by Fed. R. Civ. P. 26(a)(2) by Wednesday, January 18, 2023.

(d) Defendants shall furnish the names of expert witness(es) by Wednesday, February 15, 2023.

(e) Defendants shall serve written expert witness reports as contemplated by Fed. R. Civ. P. 26(a)(2) by Wednesday, March 8, 2023.

(f) The parties have agreed to make available the following documents without the need of a formal request for production: Bates-labeled version of the transcripts of the meetings of the Defendant Michigan Independent Citizens Redistricting Commission from September 2020 to December 2021 by Wednesday, November 23, 2022. To the extent that any public record associated with Defendant Michigan Independent Citizens Redistricting Commission's redistricting is not accessible to Plaintiffs via the Commission's website at https://www.michigan.gov/micrc or other websites, the parties shall rely on the Federal Rules of Civil Procedure to guide discovery and production.

**9.     Discovery:** The parties believe that all discovery proceedings can be completed by Friday, April 14, 2023. The parties recommend the following discovery plan:

The parties agree that the subjects on which discovery may be conducted, the limitations on discovery, including the number of depositions, interrogatories, and requests for admissions, or limitations on the scope of discovery pending resolution of dispositive motions or alternative dispute resolution proceedings, shall be conducted in accordance with the Federal Rules of Civil of Procedure and the Local Civil Rules of the Western District of Michigan, where applicable. However, the parties agree that, given the number of individual plaintiffs and defendants, depositions of named parties shall not be counted toward the limitation of 10 depositions per side as set forth in Fed. R. Civ. P. 30(a)(2)(A)(i).

The parties agree that the presumptive time limits for depositions (one day of seven hours) should not be modified in this case. Fed. R. Civ. P. 30(d)(1).

**10.     Disclosure or Discovery of Electronically Stored Information**: The parties do not anticipate that any party has electronically stored information that will be subject to disclosure or discovery. However, the parties will meet and confer to negotiate a draft electronically stored information protocol order if it becomes necessary.

**11.     Assertion of Claims of Privilege or Work-Product Immunity After Production:** The parties have not yet agreed on a procedure to address claims of privilege or work product immunity for items inadvertently produced during discovery, but will meet and confer concerning a proposed order pursuant to Fed. R. Evid. 502(d) to govern inadvertent disclosure of privileged material.

**12.     Motions:**  The parties acknowledge that W.D. Mich. LCivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and in the case of all non-dispositive motions, counsel or pro se parties involved in the dispute shall confer in a good-faith effort to resolve the dispute. In addition, all non-dispositive motions shall be accompanied by a separately filed certificate.

The following dispositive motions are contemplated by each party: motion for summary judgment. The parties anticipate that all dispositive motions will be filed by Friday, May 5, 2023, with responses due on Friday, June 2, 2023, and replies due on Friday June 16, 2023.

**13.     Length of Trial:**  Counsel estimate the trial will last approximately 7 days total, allocated as follows:  3 and 1/2 days for Plaintiffs' case and 3 and 1/2 days for Defendants' case.

**14.     Electronic Document Filing System:**  The parties acknowledge electronic filing is proper for this case.

**15.     Other:** The parties are currently unaware of any other special characteristics which may warrant extended discovery, accelerated disposition by motion, or other factors relevant to the case.

Respectfully submitted,

Dated: October 17, 2022            */s/John J. Bursch*
John J. Bursch (P57679)
BURSCH LAW PLLC
*Attorney for Plaintiffs*
9339 Cherry Valley Ave SE, #78
Caledonia, Michigan 49316
(616) 450-4235
jbursch@burschlaw.com

/s/Michael J. Pattwell
Michael J. Pattwell (P72419)
James J. Fleming (P84490)
Amia A. Banks (P84182)
CLARK HILL PLC
*Attorneys for Plaintiffs*
215 South Washington Square, Suite 200
Lansing, MI 48933
(517) 318-3100
mpattwell@clarkhill.com
jfleming@clarkhill.com
abanks@clarkhill.com


/s/Heather S. Meingast
Heather S. Meingast (P55439)
Erik A. Grill (P64713)
Assistant Attorneys General
Attorneys for Defendant Benson
P.O. Box 30736
Lansing, Michigan 48909
517.335.7659
meingasth@michigan.gov
grille@michigan.gov

/s/Nathan J. Fink
FINK BRESSACK
David H. Fink (P28235)
Nathan J. Fink (P75185)
38500 Woodward Ave., Suite 350
Bloomfield Hills, Michigan 48304
(248) 971-2500
dfink@finkbressack.com
nfink@finkbressack.com


/s/Katherine L. McKnight
BAKER & HOSTETLER LLP
Katherine L. McKnight
E. Mark Braden
Richard B. Raile
Dima J. Atiya
1050 Connecticut Ave., NW,
Suite 1100
Washington, D.C. 20036
(202) 861-1500

5

        kmcknight@bakerlaw.com
        mbraden@bakerlaw.com
        rraile@bakerlaw.com
        datiya@bakerlaw.com

BAKER & HOSTETLER LLP
Patrick T. Lewis
Key Tower, 127 Public Square,
Suite 2000
Cleveland, Ohio 44114
(216) 621-0200
plewis@bakerlaw.com

BAKER & HOSTETLER LLP
Erika Dackin Prouty
200 Civic Center Drive, Suite 1200
Columbus, Ohio 43215
(614) 228-1541
eprouty@bakerlaw.com

*Counsel for Defendants, Michigan Independent Citizens Redistricting Commission, and Douglas Clark, Juanita Curry, Anthony Eid, Rhonda Lange, Steven Terry Litt, Brittni Kellom, Cynthia Orton, M.C. Rothhorn, Rebecca Szetela, Janice Vallette, Erin Wagner, Richard Weiss, and Dustin Witjes, each in his or her official capacity as a Commissioner of the Michigan Independent Citizens Redistricting Commission*