UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DONALD AGEE, JR., an individual; JEROME BENNETT, an individual; DENNIS LEORY BLACK, JR., an individual; JAMEE BURBRIDGE, an individual; BEVERLY ANN BURRELL, an individual; JEMELL COTTON, an individual; TERESA DUBOSE, an individual; KAREN FERGUSON, an individual; MICHELLE KEEBLE, an individual; NORMA McDANIEL, an individual; GLENDA McDONALD, an individual; JANET MARIE OVERALL, an individual; SHIRLEY L. RADDEN, an individual; DAVONTE SHERARD, an individual; MICHELLE T. SMITH, an individual; KENYETTA SNAPP, an individual; DONYALE STEPHEN-ATARA, an individual; and TANESHA WILSON, an individual,<br><br>      Plaintiffs,<br>v<br><br>JOCELYN BENSON, in her official capacity as Secretary of State of Michigan; MICHIGAN INDEPENDENT REDISTRICTING COMMISSION; DOUGLAS CLARK, JUANITA CURRY, ANTHONY EID, RHONDA LANGE, STEVEN TERRY LETT, BRITTNI KELLOM, CYNTHIA ORTON, M.C. ROTHHORN, REBECCA SZETELA, JANICE VALLETTE, ERIN WAGNER, RICHARD WEISS and DUSTIN WITJES, in their official capacities as Commissioners of the Michigan Independent Citizens Redistricting Commission,<br><br>      Defendants. | No. 1:22-cv-00272<br><br>THREE-JUDGE PANEL APPOINTED PURSUANT TO 28 U.S.C. § 2284(a)<br><br>**DEFENDANT MICHIGAN SECRETARY OF STATE JOCELYN BENSON'S RESPONSE TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** |

John J. Bursch (P57679)
Attorney for Plaintiffs
9339 Cherry Valley Ave, SE, #78
Caledonia, Michigan 49316
616.450.4235
jbursch@burschlaw.com

Michael J. Pattwell (P72419)
James J. Fleming (P84490)
Attorneys for Plaintiffs
212 East Cesar E. Chavez Ave
Lansing, Michigan 48906
517.318.3100
mpattwell@clarkhill.com
jfleming@clarkhill.com

Amia Banks (P84182)
Attorney for Plaintiffs
215 S. Washington Sq, Ste 200
Lansing, Michigan 48933
517.318.3026
abanks@clarkhill.com

Nabih H. Ayad (P59518)
Co-Counsel for Pls Agee & Sherard
645 Griswold St, Ste 2202
Detroit, Michigan 48226
313.983.4600
nabihayad@ayadlawpllc.com

Heather S. Meingast (P55439)
Erik A. Grill (P64713)
Assistant Attorneys General
Attorneys for Defendant Benson
P.O. Box 30736
Lansing, Michigan 48909
517.335.7659
meingasth@michigan.gov
grille@michigan.gov

David H. Fink (P28235)
Nathan Joshua Fink (P75185)
Attorneys for Defendants MICRC,
Clark, Curry, Eid, Lange, Lett,
Kellom, Orton, Rothhorn, Szetela,
Vallette, Wagner, Weiss and Witjes
38500 Woodward Ave, Ste 350
Bloomfield Hills, Michigan 48304
248.9971.2500
dfink@finkbressack.com

_____/

**DEFENDANT MICHIGAN SECRETARY OF STATE JOCELYN BENSON'S
RESPONSE TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Heather S. Meingast (P55439)
Erik A. Grill (P64713)
Assistant Attorneys General
Attorneys for Michigan Secretary of
State Jocelyn Benson
P.O. Box 30736
Lansing, Michigan 48909
517.335.7659
Email:  meingasth@michigan.gov
P55439

Dated:  June 6, 2023

## TABLE OF CONTENTS

Page

Table of Contents ..................................................................................................... i

Index of Authorities ................................................................................................ ii

Concise Statement of Issue Presented .................................................................. iv

Introduction ............................................................................................................. 1

Counter-Statement of Facts ................................................................................... 2

        A.      Overview of the redistricting process in Michigan ................................ 2

                1.      The Independent Citizens Redistricting Commission ................. 2

                2.      The Commission must draft and approve redistricting plans. ................................................................................................. 4

                3.      The Commission adopted plans on December 28, 2021. ............... 6

                4.      The Secretary of State's duty to implement the new maps. ........ 6

                5.      The November 8, 2022, general election is held using the new maps. ............................................................................................ 7

        B.      Procedural history ................................................................................... 8

Argument ................................................................................................................. 9

I.     This Court should deny summary judgment against Secretary Benson and instead grant judgment in her favor if the Court grants the Commission Defendants' motion for summary judgment. ................................ 9

Conclusion and Relief Requested ........................................................................ 12

Certificate of Service ............................................................................................ 13

# INDEX OF AUTHORITIES

Page

**Cases**

*Banerian v. Benson, et al.,* 589 F. Supp. 3d 735 (W.D. Mich. 2022) ............................ 4

*Citizens Protecting Michigan's Constitution v. Secretary of State,* 921 N.W.2d 247 (Mich. 2018) ............................................................................................ 2

*Citizens Protecting Michigan's Constitution v. Secretary of State, et al.,* 922 N.W2d 404 (Mich. Ct. App. 2018) ................................................................. 2

*Daunt v. Benson,* 2020 WL 8184334 (July 7, 2020, W.D. Mich.) ................................ 3

*Daunt v. Benson,* 956 F.3d 396 (6th Cir. 2020) .......................................................... 11

*Daunt v. Benson,* 999 F.3d 299 (6th Cir. 2021) .......................................................... 11

*In re Independent Citizens Redistricting Comm for State Legislative & Cong. Dist.'s Duty to Redraw Districts by Nov. 1, 2021,* 961 N.W.2d 211 (Mich. 2021) .................................................................................................................. 6

*Spokeo, Inc. v. Robins,* 578 U.S. 330 (2016) ............................................................... 11

**Statutes**

Mich. Comp. Laws § 168.163 ................................................................................ 7, 12

Mich. Comp. Laws § 168.21 .................................................................................. 1, 10

Mich. Comp. Laws § 168.3(l) ..................................................................................... 12

Mich. Comp. Laws § 168.509o ..................................................................................... 6

Mich. Comp. Laws § 168.509p(d) ................................................................................ 6

Mich. Comp. Laws § 168.509q ..................................................................................... 6

Mich. Comp. Laws § 168.641(1)(b) ........................................................................... 12

Mich. Comp. Laws § 168.643 ..................................................................................... 12

Mich. Comp. Laws § 168.654a ..................................................................................... 7

Mich. Comp. Laws § 168.661 ....................................................................................... 7

**Other Authorities**

52 U.S.C. § 10301 ................................................................................................................ 8, 9

**Rules**

Fed. R. Civ. P. 56(f)(1) ............................................................................................................ 12

**Constitutional Provisions**

Mich. Const. 1963, Art. 12, § 2 .................................................................................................. 3

Mich. Const. 1963, Art. 4, § 6 ................................................................................................ 2, 3

Mich. Const. 1963, Art. 4, § 6(1), (13) ...................................................................................... 3

Mich. Const. 1963, Art. 4, § 6(4) ........................................................................................... 1, 9

Mich. Const. 1963, Art. 4, § 6(17) ............................................................................................ 9

Mich. Const. 1963, Art. 4, § 6 (19) ............................................................................................ 9

Mich. Const. 1963, Art. 4, § 6(13) ............................................................................................ 4

Mich. Const. 1963, Art. 4, § 6(2) ............................................................................................ 10

Mich. Const. 1963, Art. 4, § 6(9) .............................................................................................. 4

Mich. Const. 1963, Art. 4, § 2 .................................................................................................. 8

U.S. Const. Art. III, § 2 .......................................................................................................... 11

## CONCISE STATEMENT OF ISSUE PRESENTED

1. Where Plaintiffs' claims against the Secretary of State are predicated on a determination that the plans are unconstitutional, if Plaintiffs' motion for summary judgment against the Commission members is denied and the Commission's motion for summary judgment is granted, should Plaintiffs' motion against the Secretary likewise be denied and judgment entered in her favor instead?

## INTRODUCTION

With respect to the redistricting process in Michigan, the Secretary of State performs two administrative functions.

First, under the state Constitution, the Secretary of State acts as a non-voting secretary to the Michigan Independent Citizens Redistricting Commission, tasked with providing administrative support for the work of the Commission. Mich. Const. 1963, Art. IV, § 6(4). Secretary of State Jocelyn Benson fulfilled her duties under the Constitution with respect to the new plans adopted by the Commission in December 2021, and in doing so played no role in drawing or approving the new maps, including the plans challenged here.

Second, the Secretary of State is also the "chief election officer" with "supervisory control over local election officials in the performance of their duties under the provisions of this act." Mich. Comp. Laws § 168.21. In this capacity, after the adoption of new redistricting plans, the Secretary, through her Bureau of Elections, must update Michigan's electronic voter list to ensure that voters are placed within the voting districts established by the Commission. The Secretary fulfilled this duty as well, updating the voter list in time for state legislative candidates to file for the August 2, 2022 primary and access the November 8, 2022 general election. The November 8, 2022 general election was held and candidates were elected in the new districts for the Michigan House of Representatives and the Michigan Senate.

Plaintiffs ask this Court to declare that the state house and senate redistricting plans violate the Voting Rights Act and the Fourteenth Amendment

1

and presumably to order the Commission to redraw and adopt new plans. Because the Secretary's only role with respect to the plans is administrative, she takes no position with respect to the constitutionality of the plans or the merits of Plaintiffs' claims. But if the Court ultimately orders new plans be drawn and adopted, the Secretary will perform her administrative duties as required by Michigan law and consistent with any actions taken by the Commission in compliance with this Court's order.

## COUNTER-STATEMENT OF FACTS

Every ten years following the decennial United States Census, Michigan adjusts its state legislative and congressional district boundaries based on the population changes reflected in the census. Under the Michigan Constitution, as amended in 2018, the Independent Citizens Redistricting Commission (Commission) is charged with redrawing state legislative and congressional district maps. *See* Mich. Const. 1963, Art. 4, § 6.

### A.     Overview of the redistricting process in Michigan

#### 1.     The Independent Citizens Redistricting Commission

In 2017, a ballot proposal committee filed an initiative petition to amend the Michigan Constitution. See *Citizens Protecting Michigan's Constitution v. Secretary of State*, 921 N.W.2d 247 (Mich. 2018); *Citizens Protecting Michigan's Constitution v. Secretary of State, et al*, 922 N.W.2d 404 (Mich. Ct. App. 2018). The proposal principally sought to amend the apportionment provisions in article 4, § 6 of the Michigan Constitution. Identified as Proposal 18-2 on the November 6, 2018

general election ballot, the proposal passed overwhelmingly. The amendments became effective December 22, 2018. *See* Mich. Const. 1963, Art. XII, § 2.

The amendments re-establish a commission—the Independent Citizens Redistricting Commission—charged with redrawing Michigan's state senate, state house, and congressional districts according to specific criteria. Mich. Const. 1963, Art. IV, § 6(1), (13). And the Constitution makes clear that "no body, except the . . . commission . . . [shall] promulgate and adopt a redistricting plan or plans for this state." Mich. Const. 1963, Art. IV, § 6(19).

The amendments prescribe eligibility criteria and a complex selection process for membership on the Commission. *Id.*, § 6(1)-(2).[1] The Commission is granted authority to provide for its own rules and processes. *Id.*, § 6(4)-(5). The Secretary of State acts as a non-voting secretary to the Commission, and "in that capacity shall furnish, under the direction of the commission, all technical services that the commission deems necessary." *Id.*, § 6(4). Each commissioner is charged with "perform[ing] his or her duties in a manner that is impartial and reinforces public confidence in the integrity of the redistricting process." *Id.*, § 6(10).

Under the Constitution, Secretary Benson was required to convene the Commission by October 15, 2020, which she did. Mich. Const. 1963, Art. IV, § 6(7).

---

[1] The eligibility criteria were challenged, and upheld, in a prior case. *See*, *Daunt v. Benson*, 2020 WL 8184334 (July 7, 2020, W.D. Mich.), affirmed 999 F.3d 299 (6th Cir. 2021).

### 2. The Commission must draft and approve redistricting plans.

The Michigan Constitution requires that the Commission "abide by the following criteria in proposing and adopting each plan":

> (a) Districts shall be of equal population as mandated by the United States constitution, and shall comply with the voting rights act and other federal laws.
>
> (b) Districts shall be geographically contiguous. Island areas are considered to be contiguous by land to the county of which they are a part.
>
> (c) Districts shall reflect the state's diverse population and communities of interest. Communities of interest may include, but shall not be limited to, populations that share cultural or historical characteristics or economic interests. Communities of interest do not include relationships with political parties, incumbents, or political candidates.
>
> (d) Districts shall not provide a disproportionate advantage to any political party. A disproportionate advantage to a political party shall be determined using accepted measures of partisan fairness.
>
> (e) Districts shall not favor or disfavor an incumbent elected official or a candidate.
>
> (f) Districts shall reflect consideration of county, city, and township boundaries.
>
> (g) Districts shall be reasonably compact.

Mich. Const. 1963, Art. IV, § 6(13). *See also*, *Banerian v. Benson, et al.,* 589 F. Supp. 3d 735, 736-37 (W.D. Mich. 2022) (three-judge court) (discussing criteria).

After developing at least one plan for each type of district, the Commission must publish the plans, provide the supporting materials, and "hold at least five public hearings throughout the state for the purpose of soliciting comment from the public about the proposed plans." Mich. Const. 1963, Art. IV, § 6(9).

4

Before voting to adopt a plan, the Commission must "provide public notice of each plan that will be voted on and provide at least 45 days for public comment on the proposed plan or plans. Each plan that will be voted on shall include such census data as is necessary to accurately describe the plan and verify the population of each district, and shall include the map and legal description required in part (9) of this section." *Id.*, § 6(14)(b). And "[n]ot later than November 1 in the year immediately following the federal decennial census, the commission shall adopt a redistricting plan under this section for each of the following types of districts: state senate districts, state house of representative districts, and congressional districts." *Id.*, § 6(7). Thus, under the Constitution the Commission was to publish proposed plan(s), with supporting data, no later than September 17, 2021 and adopt a final plan by November 1, 2021 for this cycle.

After adopting a final plan, the Commission must "publish the plan and the material reports, reference materials, and data used in drawing it, including any programming information used to produce and test the plan." *Id.* § 6(15). The Commission must also issue a report for each adopted plan "explain[ing] the basis on which the commission made its decisions in achieving compliance with plan requirements and shall include the map and legal description required in part (9) of this section." *Id.*, § 6(16). An adopted plan "become[s] law 60 days after its publication." *Id.*, § 6(17).

### 3. The Commission adopted plans on December 28, 2021.

After significant delays in obtaining census data from the federal government, *see*, *In re Independent Citizens Redistricting Comm for State Legislative & Cong. Dist.'s Duty to Redraw Districts by Nov. 1, 2021*, 961 N.W.2d 211, 212 (Mich. 2021), the Commission proposed state and congressional district plans on November 12, 2021, and subsequently adopted state and congressional district plans on December 28, 2021, including the "Hickory" and "Linden" plans at issue in the instant litigation. (See ECF No. 69, Commission MSJ Brf, PageID.642-45) (discussing timeframe for proposing and adopting plans, dates and number of hearings, etc).

### 4. The Secretary of State's duty to implement the new maps.

The Michigan Bureau of Elections, housed within the Department of State, maintains the state's qualified voter file (QVF), which is an electronic list of all registered voters in the state—currently over eight million people. Mich. Comp. Laws § 168.509o. For each voter, the QVF contains the list of all districts in which a voter lives, i.e., federal and state house and senate districts, as well as county, city, and school board districts, etc., which is used, among other things, to determine what ballot a voter receives. Mich. Comp. Laws § 168.509q. The QVF also includes a "street index" of addresses for all registered voters in the state. Mich. Comp. Laws § 168.509p(d). After new maps are adopted by the Commission, the Bureau must update the QVF.

The update generally takes place in three phases. In phase one, the new district lines are added to the QVF. In phase two, the "street index" is reviewed to

6

identify where districts have changed, and an update to registrations is made where voters' districts have changed. And in the third and final phase, the Bureau of Elections in collaboration with the over 1,500 local clerks manually reviews and modifies voting precincts, as necessary. *See* Mich. Comp. Laws §§ 168.654a, 168.661.

The updates to the QVF generally need to be completed in time to accommodate candidates seeking to run in the relevant primary election cycle. Shortly after the Commission adopted the plans in December 2021, the Bureau began working to update the QVF. Following the phases outlined above, the Bureau updated the QVF with the new districts in time to meet the filing deadline for candidates seeking to access the ballot for the August 2, 2022 primary election, which was April 19, 2022 (the 15th Tuesday before the primary). This included nominating petitions for congressional representatives, Mich. Comp. Laws § 168.133, and state senators and representatives, Mich. Comp. Laws § 168.163.

### 5. The November 8, 2022 general election is held using the new maps.

The State conducted the November 8, 2022 general election utilizing the Commission's plans, including the Hickory and Linden Plans for the Michigan House of Representatives and Senate, respectively.[2] The newly elected members of the House and Senate commenced their terms of office on January 1, 2023. Mich.

---

[2] The November 8, 2022, election results are available at 2022 Michigan Official General Election Results - 11/08/2022 (mielections.us).

Comp. Laws § 168.173. Senators will serve a term of four years, while representatives will serve two-year terms. Mich. Const. 1963, Art. IV, §§ 2-3.

### B. Procedural history

Plaintiffs, voters in the challenged districts, filed their complaint on March 23, 2022, alleging that certain districts for the Michigan House as adopted in the Commission's Hickory Plan, and certain districts for the Michigan Senate, as adopted by the Commission in the Linden Plan, violated the Voting Rights Act, 52 U.S.C. § 10301, and the Fourteenth Amendment's Equal Protection Clause. (ECF No. 1, Compl.) Plaintiffs filed a first amended complaint on April 13, 2022. (ECF No. 8, Am. Compl; ECF No. 16, errata.)

On June 14, 2022, Defendant Benson filed a motion to dismiss the claims as to her, arguing that Plaintiffs lacked standing to bring suit against her and had not stated a viable § 1983 action against her. (ECF No. 17 & 18, Benson Mot. 7 Brf.) Plaintiffs responded in opposition to Benson's motion, (ECF No. 22), and Benson filed a reply in support of her motion, (ECF No. 25.) On June 17, 2022, the Commission Defendants answered the amended complaint. (ECF No. 21.) On September 21, 2022, this Court denied Benson's motion to dismiss, (ECF No. 29), and Defendant Benson answered the amended complaint, (ECF No. 32.)

This Court issued a case management order, (ECF No. 38), and thereafter the Plaintiffs and Commission Defendants engaged in discovery and the filing of various expert reports. No discovery was directed at Defendant Benson and Defendant Benson engaged in no discovery. The Plaintiffs and the Commission Defendants filed cross-motions for summary judgment on May 9, 2023. (See ECF

8

No. 67 and ECF No. 68 & 69, respectively). Secretary Benson did not file a motion for summary judgment.

## ARGUMENT

I. **This Court should deny summary judgment against Secretary Benson and instead grant judgment in her favor if the Court grants the Commission Defendants' motion for summary judgment.**

In Counts I and II of their amended complaint, Plaintiffs assert claims under Section 2 of the Voting Rights Act (VRA), 52 U.S.C. § 10301. (ECF No. 8, PageID.135-142.) And in Counts III and IV, Plaintiffs allege that the plans violate Plaintiffs' rights under the Equal Protection Clause. (ECF No. 8, PageID.143-151.) But while Plaintiffs bring these claims against the Secretary, it is plain the principal source of their alleged injury is the Commission Defendants, as it is the Commission that drew and adopted the challenged plans. And it is only the Commission that can be ordered to draw and adopt new plans. Mich. Const. 1963, Art. IV, § 6 (19).

The Secretary has no substantive role in the drawing or approving of plans. Rather, she performs an administrative function by acting as a non-voting secretary to the Commission, and "in that capacity shall furnish, under the direction of the commission, all technical services that the commission deems necessary." Mich. Const. 1963, Art. IV, § 6(4). After an adopted plan becomes law, which it does by operation of the Michigan Constitution 60 days after publication, Mich. Const. 1963, Art. IV, § 6(17), the Secretary performs another administrative task by ensuring the Bureau of Elections implements the plans into the QVF by placing voters in their

9

correct districts. *See, e.g.,* Mich. Comp. Laws § 168.509o ("The secretary of state shall direct and supervise the establishment and maintenance of a statewide qualified voter file."); Mich. Comp. Laws § 168.509p(d). In performing these functions, she has no discretion to reject or modify plans adopted by the Commission, she must simply accept them as the "law." Mich. Const. 1963, Art. IV, § 6(17).

In their complaint, Plaintiffs alleged only that "Defendant Jocelyn Benson . . . is the Michigan Secretary of State. As Secretary of State, Defendant Benson is charged with enforcing District boundaries and accepting the declarations of candidacy for Michigan Senate and House candidates." (ECF No. 8, Am. Compl., ¶ 41, PageID.109.) Thereafter, Plaintiffs simply stated in their amended complaint that "[e]ach of the named Defendants to this action are hereafter collectively referred to as the 'Defendants.'" *Id.*, ¶ 56, PageID.111. The only other instances where Secretary Benson is referenced specifically is in conjunction with statements she made in various articles before becoming Secretary of State. (*Id.*, ¶¶ 85, 88, PageID.121-122.)

And in their brief in support of summary judgment, Plaintiffs assert the Michigan Constitution "directs that Michigan's Secretary of State and 'chief election officer,' Jocelyn Benson, oversee, assist with, and enforce the Commission's maps." (ECF No. 67, PageID.585) (citing Mich. Const. 1963, Art. IV, § 6(2) and (4); Mich. Comp. Laws 168.21; Order, ECF.29, PageID.386-89.) The few other references to

10

her simply discuss the same law review article she wrote 19 years ago. (*Id.*, PageID.586, 625.)

Secretary Benson maintains her position that these allegations are insufficient to establish Article III standing as to her. U.S. Const. Art. III, § 2; *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (To establish standing, a plaintiff must meet the minimum threshold of having "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.") The Secretary recognizes, however, that this Court rejected her arguments on this front, (ECF No. 18), concluding that her obligation to implement the plans into the QVF and thereby place Plaintiffs into the alleged unconstitutional districts was sufficient, (ECF No. 29, PageID.387-88.)

The Secretary, as before, takes no position on the merits of Plaintiffs' claims regarding the plans. The people made it clear in adopting Proposal 2 that they desired to take politicians out of the equation in drawing districts. *See, Daunt v. Benson*, 956 F.3d 396 (6th Cir. 2020) and *Daunt v. Benson*, 999 F.3d 299 (6th Cir. 2021) (discussing adoption of Proposal 2 and eligibility criteria for members of the Commission.) In that spirit, the Secretary declines to place her thumb on the scale regarding the constitutionality of the challenged plans.

But since the claims against the Secretary are predicated on a determination that the plans are unconstitutional, if Plaintiffs motion against the Commission is denied and the Commission's motion is granted, Plaintiffs' motion must likewise fail

11

against the Secretary. Summary judgment in favor of the Secretary would thus be appropriate. *See* Fed. R. Civ. P. 56(f)(1).

However, if Plaintiffs' motion for summary judgment is granted, Secretary Benson will cooperate and abide by any order issued by this Court. Briefly,[3] with respect to a remedy, the next regularly scheduled election that will involve the Michigan House or Senate will be the August 2024 primary election, which will include House candidates given their two-year terms. *See* Mich. Comp. Laws § 168.3(l); 168.641(1)(b), (2); 168.643. The filing deadline for House candidates seeking to access the August 6, 2024 primary election will be April 23, 2024 (the 15th Tuesday before the election). Mich. Comp. Laws § 168.163. If the Court orders the drawing and adoption of new plans, the plans will likely need to be provided to the Secretary by late Fall of 2023 so that there is time to update the voter list in advance of the April filing deadline.

## CONCLUSION AND RELIEF REQUESTED

For the reasons set forth above, Defendant Secretary of State Jocelyn Benson respectfully requests that if this Court denies Plaintiffs' motion for summary judgment against the Commission Defendants, and instead grants relief to the Commission, that the Court likewise deny Plaintiffs' motion for summary judgment against the Secretary, and grant summary judgment in her favor.

---

[3] The Plaintiffs have requested expedited briefing on a remedy. (ECF No. 67, PageID.626.) The Secretary will participate in any briefing ordered by the Court.

                Respectfully submitted,

                *s/Heather S. Meingast*
                Heather S. Meingast (P55439)
                Erik A. Grill (P64713)
                Assistant Attorneys General
                Attorneys for Defendant Benson
                P.O. Box 30736
                Lansing, Michigan 48909
                517.335.7659
                Email:  meingasth@michigan.gov
                P55439

Dated:  June 6, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2023, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

                *s/Heather S. Meingast*
                Heather S. Meingast (P55439)
                Assistant Attorney General
                P.O. Box 30736
                Lansing, Michigan 48909
                517.335.7659
                Email:  meingasth@michigan.gov
                P55439