# EXHIBIT E



Commissioners not pictured: Anthony Eid, Rhonda Lange, and Erin Wagner

# LESSONS LEARNED & RECOMMENDATIONS

From the Inaugural Commission

October 2022



MICHIGAN INDEPENDENT CITIZENS REDISTRICTING COMMISSION



# CONTENTS

Foreword . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

Executive Summary . . . . . . . . . . . . . . . . . . . . . . . . .  8

Recruitment . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

Selection . . . . . . . . . . . . . . . . . . . . . . . . . . . . .15

Training & Technology . . . . . . . . . . . . . . . . . . . . . . .20

Hiring Personnel . . . . . . . . . . . . . . . . . . . . . . . . . .27

Consultants . . . . . . . . . . . . . . . . . . . . . . . . . . . .31

Communities of Interest . . . . . . . . . . . . . . . . . . . . . .35

Public Participation Process . . . . . . . . . . . . . . . . . . . .40

Communications & Outreach Strategies . . . . . . . . . . . . . . . .47

Budget . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .54

Commissioner Relationships . . . . . . . . . . . . . . . . . . . . .57

Transparency . . . . . . . . . . . . . . . . . . . . . . . . . . . .60

Results & Outcomes . . . . . . . . . . . . . . . . . . . . . . . . .63

Acknowledgments . . . . . . . . . . . . . . . . . . . . . . . . . .65

Appendix . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .69

# COMMUNITIES OF INTEREST

One of the most complex and difficult challenges the MICRC faced during the map-making process was defining "communities of interest," which is the third-ranked priority in the state constitution preceded only by complying with federal population size and Voting Rights Act requirements and a directive to make districts geographically contiguous.

The guidance provided in the Michigan Constitution is as follows:

> **"Districts shall reflect the state's diverse population and communities of interest. Communities of interest may include, but shall not be limited to, populations that share cultural or historical characteristics or economic interests. Communities of interest do not include relationships with political parties, incumbents, or political candidates."**

MICRC members noted during interviews there is no definitive list of communities of interest in Michigan to draw from, and a community of interest is not a traditional city or county borders. In order to fulfill this criteria, the MICRC identified a communities of interest process.

This process included identifying characteristics of a COI to be:

- Self-defined by the local community members.

- Associated with a contiguous area on a map.

- Shared common bonds linked to public policy issues that would be affected by legislation, likely to result in a desire to share the same legislative district in order to secure more effective representation.

And defining "cultural," "historical" and "economic" characteristics as:

- **Cultural**: Artistic and intellectual pursuits/products, including the arts, letters, manners; ways of living transmitted from one generation to the next; a form or stage of civilization; behaviors and beliefs characteristic of a social, ethnic or age group.

- **Historical**: Past events and times relating to people, country or time period; aggregate or record of past events; a notable past; acts, ideas or events that will shape the future.

- **Economic**: The production, distribution and use of income, wealth and commodities; affecting or apt to affect the welfare of material resources; financial considerations; wealth and wage disparities.

Communities of interest could include places of worship, neighborhoods, ethnic communities, social service organizations, local historical societies, school districts, outdoor recreation areas, arts and cultural institutions or a group of vacation homeowners.

Communities that have a shared interest that makes them want to stay together in one district for purposes of political representation can tell MICRC where they want to be located geographically. MICRC did consider the maps it received from communities of interest when drawing the new congressional and legislative lines. However, it didn't consider COIs where citizens mentioned not wanting to be a part of a community.

While many states consider communities of interest, no other state assigns them such a high priority in its criteria for redrawing districts as Michigan. Redistricting experts interviewed for this report said making communities of interest a top priority was meant as a corrective to gerrymandered districts that split up communities in the past. Groups including Voters Not Politicians, the Michigan Nonprofit Association and the University of Michigan's Center for Local, State, and Urban Policy compiled resources to learn more about communities of interest and how to encourage public participation in the new redistricting process.

One of the main factors MICRC has to consider is keeping residents with similar interests together. Because the definition is so vague, Michigan citizens have a lot of leeway to help chart MICRC's course.

"It's very elastic," John Chamberlin, professor emeritus of political science and public policy at the University of Michigan's Ford School of Public Policy, told the MLive newspaper chain in a story published May 25, 2021. "As long as you're not a political party or a front group for a candidate, you could be a community of interest."

According to the National Conference of State Legislatures, 25 states, including Michigan, currently include communities of interest as a qualifying form of criteria in drawing state legislative maps, congressional maps or both. The most comparable system to Michigan's is the state of California, which also has an independent redistricting commission that relies in part on communities of interest.

The term itself isn't unusual for people who are familiar with the redistricting process, but for the average citizen it's nebulous, Chamberlin told MLive.

He and other researchers at the University of Michigan's Center for Local, State, and Urban Policy drew up a list of examples for MICRC review of what communities of interest could be after looking at various state organizations, associations and groups. They suggested communities of interest include populations sharing cultural or historical characteristics, economic interests or bonds through policy issues that would be affected by legislation.

"The fact that there's no exhaustive list of these things means that either communities of interest, on their own, need to decide, 'We are one and let's participate,' or some other group needs to get in touch with them to say, 'Have you thought about this? Here's how the process works,'" he told MLive.

In remaining steadfast and not disregarding the seven ranked redistricting criteria, the MICRC heard sentiments of former state Supreme Court Justice Stephen Markman. He teaches constitutional law at Hillsdale College, which commissioned him to write a report summarizing his concerns with the MICRC's definition of community of interest in forming district lines.

Markman urged the MICRC against using racial, ethnic or religious groups as a determiner of the state's new voting boundaries for the 2022 election. He also said a redistricting commission that prioritizes traditional municipal boundaries when redrawing voting maps should avoid using "'racial, ethnic and religious' calculations" as proxies for drawing maps that provided partisan advantage in the past.

Instead, Markman called on the commission to consider actual neighborhood and municipal boundaries when redrawing the state voting maps instead of more nebulous bonds such as shared concerns over the environment, creative arts communities, media markets or tax assessment districts — elements the University of Michigan study offered as examples of "communities of interest."

Here is a link to a July 7, 2021, story published by The Detroit News about Markman's views.

# COMMUNITIES OF INTEREST: LESSONS LEARNED & RECOMMENDATIONS

A common critique on the MICRC's COI application from Markman, dissenting MICRC commissioners and some members of the public who submitted comments is that city/county lines were broken in pursuit of COIs and/or that certain cities/counties were not considered COIs.

The counterpoint to that sentiment is that the sixth-ranked criteria states, "Districts shall reflect consideration of county, city and township boundaries," which is lower than the third-ranked COI criteria.

The following content represents VNP's contribution to MICRC's Lessons Learned & Recommendations report. The findings and observations are based on VNP interviews with the leaders of 10 COI partner groups across Michigan that both the MICRC and VNP worked closely with during the inaugural redistricting cycle.

According to VNP, COI partners reported multiple challenges during the 2021-22 redistricting process, such as a lack of awareness among their members of the redistricting process in general. In addition, there was confusion as to what would or would not be considered a COI in MICRC's eyes and how MICRC would weigh submissions from a few motivated individuals as compared with large COIs. The COI partners recommended MICRC:

- Publicize and share widely a definition of "community of interest" and clearly and proactively explain how it will weigh different pieces of public input.
- Provide COI examples and counterexamples.
- Prioritize public education and presentations in more populous areas.
- Have adequate financing and staffing for its important public education role.

### Public Comment on Improving the Process

> "Earlier public education before public testimony begins would give more time for communities of interest to understand how they can participate in the process."
> 
>         Susan Demeuse, Caledonia

"I believe I watched every meeting and hearing held by the MICRC, and if there was one takeaway I could offer by way of suggested process improvement, I believe greater clarification surrounding what constitutes a COI as it relates to mapping criteria priorities taken as a whole.

"For example, there were obvious tensions with which the commission struggled when it was necessary to weigh issues of partisan fairness against the interests of a COI."

    Karen