# EXHIBIT C

# EXHIBIT C

| | |
|---|---|
| **From:** | Pattwell, Michael J. |
| **To:** | Lewis, Patrick T.; John Bursch; Meingast, Heather (AG); Grill, Erik (AG) |
| **Cc:** | McKnight, Katherine L.; Raile, Richard; Braden, E. Mark; Fleming, James J.; nfink@finkbressack.com; dfink@finkbressack.com; Mertins, Paula; Green, Jennifer K.; King, Ronald A. |
| **Subject:** | RE: 1:22cv272 Agee, Jr., et al v. Benson, et al |
| **Date:** | Tuesday, October 03, 2023 8:36:08 PM |
| **Attachments:** | image001.png |
| | image002.png |
| | image003.png |
| | image005.png |

Dear Mr. Lewis:

We disagree with your characterization of Mr. Trende's supplemental and rebuttal report. It does not provide new expert opinions. Rather, Mr. Trende's report consists mostly of demonstrative and summary graphics that merely rearrange or summarize facts already published in his initial report and discussed during Defendant's deposition of him. E.g., FRE 1006. In this way, the report provides a helpful roadmap of Mr. Trende's testimony for the Court and for Defendants since this is a highly complex case.

Furthermore, all of the information contained therein is capable of being elicited via direct or cross examination as well as rebuttal testimony. For example, if the Commission is going to suggest in trial that that the bizarrely shaped districts that characterize the Hickory and Linden Plans (at least along the Wayne County border) are needed to achieve some partisan fairness metric, it should know the argument is false and easily rebutted before doing so. Consequently, the report streamlines the presentations saving valuable time.

Regardless, the purpose of Rule 26 is to avoid unfair prejudice. If the Commission believes that the report somehow prejudices it, Plaintiffs are willing to offer the Commission the opportunity to again depose Mr. Trende before trial. Moreover, while all of the information referenced in Mr. Trende's report is already in the Commission's possession, the Plaintiffs are willing to share Mr. Trende's files.

Please let us know whether these offers are sufficient to address the Commission's concerns.

Best Regards,

**Michael J. Pattwell**
Member
**Clark Hill**
215 South Washington Square, Suite 200, Lansing, MI 48933
+1 517.318.3043 (office) | +1 517.897.1087 (cell) | +1 517.318.3082 (fax)
mpattwell@clarkhill.com | www.clarkhill.com

---

**From:** Lewis, Patrick T. <plewis@bakerlaw.com>
**Sent:** Monday, October 2, 2023 8:46 PM
**To:** John Bursch <jbursch@burschlaw.com>; Meingast, Heather (AG) <MeingastH@michigan.gov>; Grill, Erik (AG) <GrillE@michigan.gov>
**Cc:** McKnight, Katherine L. <kmcknight@bakerlaw.com>; Raile, Richard <rraile@bakerlaw.com>; Braden, E. Mark <MBraden@bakerlaw.com>; Pattwell, Michael J. <mpattwell@clarkhill.com>; Fleming, James J. <jfleming@clarkhill.com>; nfink@finkbressack.com; dfink@finkbressack.com; Mertins, Paula <pmertins@clarkhill.com>; Green, Jennifer K. <jgreen@clarkhill.com>; King, Ronald A. <rking@clarkhill.com>
**Subject:** RE: 1:22cv272 Agee, Jr., et al v. Benson, et al

**[External Message]**

Dear Counsel:

We write concerning the "Supplemental and Rebuttal Report" of Mr. Trende.  We have reviewed the report. It is apparent to us that this report contains extensive new analysis—and new demonstrative plans—that goes far beyond the limited report supplementation permitted by Fed. R. Civ. P. 26(e). Moreover, to the extent the report contains arguments intended to rebut those of the Commission's experts, the report is untimely under Fed. R. Civ. P. 26(a)(2)(D)(ii), which requires rebuttal reports to be served not later than 30 days after the other party's expert disclosure. This untimely expert disclosure is highly prejudicial, as it is made five-and-a-half months after discovery closed, several months after Mr. Trende was deposed, after our expert deadlines passed, and on the eve of an expedited trial.

Ever since Plaintiffs first mentioned the possibility of serving a "supplemental" report from Mr. Trende back on September 12, 2023, we repeatedly requested Plaintiffs' position on their authority to serve this report consistent with the Federal Rules of Civil Procedure and the Court's scheduling orders. Plaintiffs declined to provide such a basis, and we are independently aware of none.

We therefore intend to file a motion to exclude Mr. Trende's "Supplemental and Rebuttal Report" in its entirety. Please let us know whether Plaintiffs will oppose this motion.  Separately, to avoid the need for this motion, please let us know if Plaintiffs will be willing to withdraw that report from their exhibit list and agree not to offer it, or any testimony from Mr. Trende from that report, in evidence at trial.

Finally, for the second time in this case, Plaintiffs have failed to comply with their obligation to produce, along with Mr. Trende's new report, the facts, data, and other replication materials considered by Mr. Trende when preparing that report, in contravention of Fed. R. Civ. P. 26(a)(2)(B). Among other things, Mr. Trende created several new "demonstration maps" and purported to perform statistical and other analysis on those districts, along with additional racially polarized voting and partisan-fairness analysis. However, no shapefiles or block-equivalency files for any of these new "demonstration maps" were provided, and no R code, output data, and other calculation backup was supplied to support any of the tables or figures in the report. This non-disclosure severely limits Defendants' ability to analyze Mr. Trende's report, and is especially prejudicial given how close we are to trial.  We demand that Plaintiffs produce all such facts, data, and other replication materials immediately, and we reserve all rights and remedies in connection with Plaintiffs' failure to produce this material.

Thank you,

pl

**Patrick Lewis**
Partner

BakerHostetler

Key Tower
127 Public Square | Suite 2000
Cleveland, OH 44114-1214
T +1.216.861.7096

plewis@bakerlaw.com
bakerlaw.com

 

**[Remainder of Email Chain Redacted]**