UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DONALD AGEE, JR., *et al.*,    ) | |
| Plaintiffs,    ) | |
| ) | No. 1:22-cv-272 |
| V.    ) | |
| ) | Three-Judge Court |
| JOCELYN BENSON, in her official    ) | |
| capacity as the Secretary of State    ) | |
| of Michigan, *et al.*,    ) | |
| Defendants.    ) | |
| ) | |

## ORDER REGARDING DEFENDANTS' MOTION TO STRIKE

MALONEY, District Judge. This case concerns alleged racial gerrymandering in Michigan. Before the Court is Defendants' motion to strike the supplemental expert report of Sean Trende and bar Plaintiffs from using the report at trial. (ECF No. 88). Defendants argue the supplemental report is untimely and prejudicial. We agree and grant Defendants' motion in part.

### I. Background

Plaintiffs brought this action in March of 2022, and the Court entered a case management order on November 1, 2022. (ECF Nos. 1 & 38). The case management order required Plaintiffs to provide Defendants with their expert's report by January 18, 2023. (ECF No. 38). The case management order set discovery to close on April 14, 2023. *Id.* It established a dispositive motion and briefing deadline of June 16, 2023. *Id.* Following parties' cross-motions for summary judgment, this Court issued an opinion resolving those motions on August 29, 2023, and the case was set for trial in early November. (ECF Nos. 81 & 84). The case management order did not contemplate rebuttal or supplemental expert reports. (ECF No. 38). On September 26, 2023, Plaintiffs served Defendants a "Supplemental and Rebuttal Expert Report" authored by their expert, Sean Trende.

(ECF No. 86). Defendants moved to strike the report as untimely and prejudicial on October 4, 2023. (ECF No. 88). Plaintiffs filed their response on October 11, 2023, as ordered by the Court. (ECF No. 94).

## II. Legal Standard

Federal Rule of Civil Procedure 26(a)(2)(D)(i) requires all expert disclosures to be made no later than 90 days before the date set for trial unless a court sets forth other deadlines. Rule 26(e) contemplates timely supplemental disclosures when (1) a party learns that an initial disclosure was incomplete or incorrect, or (2) as ordered by the court. Fed. R. Civ. P. 26(e)(1)(A)–(B). Expert witnesses are required to disclose a report containing a "complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B). Further, Rule 26(a)(2)(C) provides that "these disclosures shall be made at the time and in the sequence directed by the court." Fed. R. Civ. P. 26(a)(2). The Sixth Circuit has held that "[u]nder Rule 26(a), a 'report must be complete such that opposing counsel is not forced to depose an expert in order to avoid an ambush at trial; and moreover, the report must be sufficiently complete so as to shorten or decrease the need for expert depositions and thus to conserve resources.'" *R. C. Olmstead, Inc. v. C.U. Interface, LLC*, 606 F.3d 262, 271 (6th Cir. 2010) (quoting *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 n.6 (7th Cir. 1998)).

A violation of Rule 26 gives rise to the application of Rule 37(c)(1), which provides that "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Rule 37(c)(1) does not compel courts to exclude evidence in its entirety. *Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 784 (6th Cir. 2003). To assess whether a party's late disclosure is substantially justified or harmless, courts weigh several factors: (1) the surprise to the party against whom the evidence would be offered; (2)

the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence. *Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015).

### III. Discussion

In this case, the Court ordered Plaintiffs to provide Defendants with their expert's report by January 18, 2023. Although Plaintiffs originally complied with the deadline, the supplemental report was not given to Defendants until September 26, 2023. The disclosure of the supplemental report on September 26 was more than five months after the close of discovery and just five weeks before trial. Accordingly, Trende's supplemental report was not provided to Defendants 90 days prior to trial in accordance with Rule 26(a)(2)(D)(i). Plaintiffs assert that Trende's second report is a proper "rebuttal" under Rule 26(a)(2)(D)(ii). But Rule 26(a)(2)(D)(ii) requires disclosures be made "within 30 days after the other party's disclosure" if the evidence is intended to contradict or rebut evidence on the same subject matter. Any rebuttal from Trende would have been due 30 days after Defendants' March 8, 2023, report disclosure date. (ECF No. 38). Plaintiffs violated Rule 26, so the inquiry for the Court shifts to whether "the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Defendants seek to exclude Trende's entire supplemental report as untimely and prejudicial. In their response, Plaintiffs break down the report into sections and have different arguments for different portions of the report. Plaintiffs' overarching contention is that the supplemental report does not render new opinions, but merely repackages data available to both parties.

A. Trende's New Map Showing Plaintiffs' Addresses

In its opinion on parties' cross-motions for summary judgment, the Court said that Trende's original report failed to explain whether his proposed map would place each Plaintiff in a majority-minority district. (ECF No. 81 at PID 2035). In response, Trende's supplemental report includes

3

two maps showing just that. (ECF No. 89-2 at PID 2137–38). Plaintiffs assert that the map is only a visual aid based on uncontroverted facts. Defendants maintain that those maps were not in the original report and should be barred. It is hard for the Court to see how Defendants could be prejudiced by the new map. Plaintiffs could just call each individual Plaintiff to the stand, ask them their addresses, and show the court that the proposed map would place them in a majority-minority district. Additionally, the map does not include any new opinions. The map is largely a repackaging of stipulated facts; its admission will save time at trial. Admission of this portion of Trende's supplemental report would be harmless because its contents could be duplicated by nonexperts. Therefore, pages 1–5 of Trende's supplemental report are admissible. (ECF No. 89-2 at PID 2135–39).

B. Trende's New Partisan Fairness and COI Analysis

This Court's summary judgment order explained that Plaintiffs had not yet shown that their proposed districts were "reasonably configured."[1] (ECF No. 81 at PID 2035). Trende's supplemental report seeks to remedy that by engaging in a new analysis of the "communities of interest, partisan fairness, or the effect on the incumbents." (ECF No. 89-2 at PID 2139–45). Plaintiffs frame this section of Trende's report as "easily calculated factual matters" and "appropriate supplementation" under Rule 26(e). (ECF No. 94 at PID 2214).

The Sixth Circuit has noted that Rule 26 contemplates that an expert may "supplement, elaborate upon, [and] explain" his expert report. *Thompson v. Doane Pet Care Co.*, 470 F.3d 1201,

---

[1] Plaintiffs assert in their opposition to the motion to strike that, in our opinion denying summary judgment to Plaintiffs as to the first precondition of *Gingles*, we flagged the "communities of interest" and "partisan fairness" factors as "particularly relevant" to the question whether Plaintiffs' demonstration districts were reasonably configured. (ECF No. 94 at PID 2208). But we did not say that. Plaintiffs had not shown (as opposed to asserted) in their summary-judgment briefing that these factors were irrelevant; and as an evidentiary matter, we observed, Plaintiffs had "point[ed] to no evidence that their proposed map accounts for communities of interest, partisan fairness, or the effect on incumbents." (ECF No. 81 at PID 2035). Our conclusion was simply that the Plaintiffs had not demonstrated, in their briefing, an entitlement to summary judgment as to *Gingles* precondition one—not that these factors are "particularly relevant" or prerequisites to satisfying this precondition.

4

1203 (6th Cir. 2006). However, "courts should not permit experts to testify as to a wholly new, previously unexpressed opinion." In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig., 45 F. Supp. 3d 724, 760 (N.D. Ohio 2014). Prior to the Court's summary judgment opinion, Trende testified that he did not believe a "partisan fairness" analysis was necessary. (ECF No. 89-1 at PID 2128–30). And Trende did not include a partisan-fairness or communities-of-interest analysis in his original report, which renders this portion of the supplemental report wholly new.

Admission of this portion of Trende's supplemental report would not be harmless to Defendants. The month-long window created by the Plaintiffs is not long enough for Defendants to depose and reply to Trende's new analysis. Further, given the technical nature of this case and the Court's reliance on experts, allowing one party to submit supplemental reports without ample time for a response would be extra prejudicial. Therefore, pages 5–11 of Trende's supplemental report are barred. (ECF No. 89-2 at PID 2135–39).

C. Trende's New Racial Polarization Tables and Analysis

The supplemental report includes ten pages, 12–22, of analysis and tables relating to Gingles Prongs 2 and 3.[2] (ECF No. 89-2 at PID 2146–56). This portion of the supplemental report includes the "combined findings of Dr. Handley and [Trende] regarding racially polarized voting in _**open**_ Democratic primaries and districts with at least 20% BVAP." (ECF No. 89-2 at PID 2146). Plaintiffs argue that the tables were taken entirely from Trende's first report and Dr. Handley's report to the MICRC and were just reconfigured as an aid to the Court. (ECF No. 94 at PID 2217). Defendants argue that this portion of the report includes a new polarized voting analysis.

Plaintiffs' view cannot be reconciled with a review of Trende's supplemental report. Trende offers novel analysis and opinions: "But taken as a whole, these data suggest that, in open races, there

---

[2] Thornburg v. Gingles outlines the analytical framework for resolving Plaintiffs' claims. 478 U.S. 30 (1986).

is a high degree of Black cohesiveness, White voters tend to vote in a bloc to oppose the Black candidate of choice, White voters tend to reject Black candidates when given an option, and Black Candidates of choice have struggled in sub-50% BVAP districts." (ECF No. 89-2 at PID 2148–49). Allowing this portion of Trende's report would not be harmless to Defendants as Trende renders analysis that could be disputed by another expert. Therefore, pages 12–22 of Trende's supplemental report are barred. (ECF No. 89-2 at PID 2146–56).

D. Trende's 14th Amendment Analysis

The last portion of Trende's supplemental report concerns Plaintiffs' 14th Amendment claim. It seeks to shore up Plaintiffs' arguments because the Court's summary judgment opinion left open the possibility that Plaintiffs could prevail. (ECF No. 81 at PID 2043). Again, this portion of Trende's report would not be harmless to Defendants as Trende renders analysis that could be disputed by another expert. Therefore, pages 22–35 of Trende's supplemental report are barred. (ECF No. 89-2 at PID 2157–69).

Finally, Plaintiffs routinely assert that these supplemental opinions could be pulled from Trende on the stand notwithstanding admission of this report. But that's just not true aside from impeachment of another expert on similar findings. The Court has no reason to doubt that Trende relied on data previously available to both parties, but his analysis after page five of the supplemental report is novel. To that end, Rule 26 says that expert witnesses are required to disclose a report containing a "*complete* statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B) (emphasis added). Experts are necessarily cabined to their admissible reports on the stand to prevent an ambush at trial. See *R. C. Olmstead, Inc. v. C.U. Interface, LLC*, 606 F.3d 262, 271 (6th Cir. 2010). Therefore, the Court bars any opinion or analysis not in Plaintiffs' timely reports or those not sought from Trende to impeach another expert.

### IV. Conclusion

In summary, the Court strikes all but the first five pages of Trende's untimely supplemental report. Rule 26 was violated, which implicated Rule 37. The new analysis and opinions from Trende's untimely supplemental report would be harmful and prejudicial to Defendants.

**IT IS ORDERED** that Defendants' motion to strike (ECF No. 88) is **GRANTED** in part and **DENIED** in part.

Date: October 20, 2023          /s/ Raymond M. Kethledge
                                Raymond M. Kethledge
                                United States Circuit Judge


                                /s/ Paul L. Maloney
                                Paul L. Maloney
                                United States District Judge


                                /s/ Janet T. Neff
                                Janet T. Neff
                                United States District Judge