UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD AGEE, JR. et al.,

          Plaintiffs,

  v.

JOCELYN BENSON, et al.,

          Defendants.

Case No. 1:22-CV-00272-PLM-RMK-JTN

**BRIEF IN SUPPORT OF THE MOTION OF THE COMMISSION TO STRIKE CERTAIN EVIDENCE UNTIMELY PRESENTED BY PLAINTIFFS**

The Michigan Independent Citizens Redistricting Commission (the Commission) objects to, and moves this Court to strike from the record, certain evidence Plaintiffs untimely presented for the first time in their post-trial filings. Plaintiffs expressly abandoned any rebuttal case during trial. *See* 5.TR 254:17–25. Now, after trial, Plaintiffs seek to use post-trial briefing to put on a tardy rebuttal case they had the opportunity to put on at trial, by attaching (and discussing in the body of their briefing) ten exhibits that were not proffered for admission into evidence at trial, were not admitted into evidence, were not on Plaintiffs' exhibit list, and are mischaracterized in Plaintiffs' briefing. Had Plaintiffs presented these materials during trial they would have been subjected to normal judicial scrutiny and due-process strictures like cross-examination. Plaintiffs' attempt to circumvent the rules offends basic norms of due process and prejudices the Commission. This Court should not countenance this tactic by Plaintiffs, their latest violation of fundamental procedural norms.[1]

In support of this motion and these objections, the Commission states as follows:

1. Plaintiffs attached seven exhibits to their post-trial filings. *See* ECF Nos. 114-1–114–8, PageID.3950–3990. Most prominent among them is Exhibit D, a declaration of Rebecca Szetela, which is accompanied by three additional exhibits (i.e., for a total of ten). *See* ECF No. 114-5, PageID.3967–3980. To state the obvious: "it would be improper for the Court to consider facts not admitted into evidence." *Metro. Life Ins. Co. v. McGhee*, 2016 WL 4031347, at *6 (W.D. Tenn. July 26, 2016). The entire structure of the Rules of Evidence is

---

[1] It is difficult to see how Plaintiffs' post-trial filings, collectively totaling about 50,000 words of briefing, *see* ECF Nos. 114, 116, satisfy this Court's directive for a post-trial brief of no more than 10,000 words, which the Court issued after contemplating and rejecting the possibility of limitless presentations. *See* 5.TR 257:15–16 ("Definitely should be a limit."); *see id.* at 256:5–258:6. By following the Court's directive, the Commission spent about 40,000 words—more than the length of the novel *Heart of Darkness*—fewer than Plaintiffs in its post-trial presentation, which could be regarded as fundamentally unfair, *but see* 5.TR 258:6 ("Shorter is often a better document."). The Commission trusts the Court's discretion in applying and interpreting its directives, safeguarding its limited resources, and maintaining the fairness of the presentation.

built around the procedure of admission (and exclusion) of items from evidence. *See* Fed. R. Evid. 103(a); *cf.* Fed. R. Evid. 201(b). Plaintiffs are incorrect in their apparent belief that they can bypass the entire evidentiary architecture simply by passing exhibits to the Court as attachments to post-trial filings. *Cf., e.g.*, *United States v. Johnson*, 308 F. App'x 968, 973 (6th Cir. 2009) (reciting standard directive that fact-finding "must be based solely on the evidence admitted during trial").

2.  Plaintiffs had multiple opportunities to properly present all materials they considered relevant. They could have presented items to the Commission's testifying witnesses on cross-examination, or could have called Commissioner Szetela as a rebuttal witness. After all, she testified for more than two thirds of the first trial day, 1.TR 14:22–182:23, and was clearly willing to cooperate with Plaintiffs' counsel (as her post-trial declaration confirms). In the first example, Commission witnesses would have had the opportunity to respond to the information presented to them on the stand. In the second example, Commissioner Szetela would have been subject to cross examination for her testimony in a rebuttal case. Either approach would have resulted in scrutiny of these materials, consistent with the design of our adversarial system of justice.

3.  Plaintiffs' circumvention is particularly puzzling, given that the Court expressly offered Plaintiffs at multiple points the opportunity to present a rebuttal case. *See, e.g.*, 4.TR 245:15–17; 5.TR 213:8–13; 5.TR 254:17–25. Plaintiffs twice declined that opportunity. *See* 5.TR 213:8–13; 5.TR 254:17–25. Plaintiffs' counsel expressly stated that they "do rest" their case, 5.TR 254:25, which abandoned the opportunity to present additional evidence. Plaintiffs' strategy here is to advance testimony and documents free from scrutiny and the basic strictures of the procedural rules. The Court should not allow that.

2

4. Plaintiffs' approach is deficient in other ways. The new exhibits were not with Plaintiffs' initial disclosures, Fed. R. Civ. P. 26(a), and did not appear on Plaintiffs' exhibit list. *See* ECF No. 85, PageID.2050–2077. This Court had required that exhibit lists be exchanged with pre-trial filings, ECF No. 82, PageID.2045–2047, and the Federal Rules require pre-trial disclosure of exhibits, *see* Fed. R. Civ. P. 26(a)(3)(A)(iii). Plaintiffs' failure to disclose these materials requires exclusion under Rule 37(c). *See Stryker Corp. v. Ridgeway*, No. 1:13-CV-1066, 2016 WL 6583592, at *7 (W.D. Mich. Feb. 16, 2016); ECF No. 98 (striking portions of untimely expert report). The new materials are prejudicial in the way they are introduced; Plaintiffs appear to tender them, at least in part, to attempt to impeach certain witnesses the Commission called at trial, and, had these exhibits been properly disclosed, the Commission's counsel could have questioned witnesses about these documents to permit a fulsome presentation on their import to case issues.[2] Plaintiffs have no justification for failing to present these materials earlier, given the opportunity for rebuttal and presentation of exhibits. Moreover, despite being afforded some six months for discovery, Plaintiffs served *no* discovery requests and took *no* depositions in this matter. Any claim they may have to receiving these materials late should be waived. Plaintiffs' approach was calculated to deny the Commission the opportunity to scrutinize these materials, and they cannot prove the absence of prejudice.

5. Finally, Plaintiffs' new exhibits are inadmissible. They are hearsay offered for the truth of the matters asserted, and some contain multiple layers of hearsay. Nor is there proper foundation for these materials: some come with no foundation, and other foundation is apparently proposed by reference to other hearsay. Apparently, the reason Plaintiffs delayed

---

[2] Regardless, the impeachment effort falls flat: the witnesses Plaintiffs seek to "impeach" both said they did not recall an event that Plaintiffs claim they both outright denied. *See, e.g.,* 3.TR 157:22–158:4 (Commissioner Eid); 4.TR 57:3–6, 7:12–14 (Mr. Adelson).

3

until now to present these materials is that they understood at least some of them would be inadmissible. The Commission objects on this basis as well.

The Court should sustain the Commission's objection and strike Plaintiffs' new exhibits from the record.

Dated: December 8, 2023

Respectfully submitted,

*/s/ Nathan J. Fink*
FINK BRESSACK
David H. Fink (P28235)
Nathan J. Fink (P75185)
38500 Woodward Ave., Suite 350
Bloomfield Hills, Michigan 48304
(248) 971-2500
dfink@finkbressack.com
nfink@finkbressack.com

*/s/ Richard B. Raile*
BAKER & HOSTETLER LLP
Katherine L. McKnight
E. Mark Braden
Richard B. Raile
Dima J. Atiya
1050 Connecticut Ave., NW, Suite 1100
Washington, D.C. 20036
(202) 861-1500
kmcknight@bakerlaw.com
mbraden@bakerlaw.com
rraile@bakerlaw.com
datiya@bakerlaw.com

BAKER & HOSTETLER LLP
Patrick T. Lewis
127 Public Square, Suite 2000
Cleveland, Ohio 44114
(216) 621-0200
plewis@bakerlaw.com

*Counsel for Defendants, Michigan Independent Citizens Redistricting Commission, and Douglas Clark, Juanita Curry, Anthony Eid, Rhonda Lange, Steven Terry Litt, Brittni Kellom, Cynthia Orton, M.C. Rothhorn, Rebecca*

4

*Szetela, Janice Vallette, Erin Wagner, Richard Weiss, and Dustin Witjes, each in their official capacities as Commissioners of the Michigan Independent Citizens Redistricting Commission*

5

## CERTIFICATE OF COMPLIANCE

      I hereby certify, pursuant to W.D. Mich LCivR 7.3(b), that excluding the portions of this Brief not included in the word count pursuant to the rule, this Brief numbers 1,069 words. The Brief was drafted using Microsoft Word (Office 365, Version 2302) and counsel relied on this software to generate the word count.

                                               /s/ Nathan J. Fink
                                               Nathan J. Fink