# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| DONALD AGEE, JR., an individual, *et al.,* | |
| Plaintiffs, | Case No. 1:22-cv-00272 |
| v. | **Three-Judge Panel Appointed Pursuant to 28 U.S.C. § 2284(a)** |
| JOCELYN BENSON, in her official capacity as the Secretary of State of Michigan, *et al.*; | |
| Defendants. | |

**PLAINTIFFS' RULE 26(a)(1) INITIAL DISCLOSURES**

Plaintiffs, by and through their counsel, hereby submit their Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1). These disclosures are based on the information reasonably available and currently known to Plaintiffs. To the best of Plaintiffs' knowledge, information, and belief, these disclosures are complete and correct as of the date they are made. Plaintiffs reserve the right to supplement these disclosures during discovery and as their investigation continues, as permitted or required by Fed. R. Civ. P. 26(e).

Plaintiffs do not provide any information or documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, applicable regulatory privileges, or any other privilege or immunity. Any information or documents provided by Plaintiffs in connection with these disclosures is subject to all objections as to competence, relevance, materiality and admissibility, and to any other objections on any grounds that would require the exclusion thereof if such information were offered into evidence. Plaintiffs expressly reserve all such objections.

CLARKHILL\L1503\442579\269312788.v1-11/23/22

# I.  INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), listed below are the names of individuals (other than litigation counsel) that are likely to have discoverable information relating to the claims or advanced by Plaintiffs in the above-captioned matter. The individuals' addresses and telephone numbers, where known, are indicated; however, Plaintiffs and their trustees, officers, employees, and agents may only be contacted through counsel.

| Name | Contact Information | Information |
|---|---|---|
| Plaintiff Donald Agee, Jr. | c/o Plaintiffs' Counsel | Possess knowledge of the allegations raised in the Complaint and pleadings and motions filed in response thereto. Plaintiff is a Black voter residing in Michigan Senate District 1 and Michigan House of Representatives District 2. Plaintiff  has knowledge that includes, but is not limited to, how these Districts were created with race as the predominate consideration and deprived Black voters the opportunity to elect their candidate of choice, in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and Section 2 of the federal Voting Rights Act, 52 U.S.C. § 10301, respectively. |
| Plaintiff Jerome Bennett | c/o Plaintiffs' Counsel | Possess knowledge of the allegations raised in the Complaint and pleadings and motions filed in response thereto. Plaintiff is a Black voter residing in Michigan Senate District 10 and Michigan House of Representatives District 13. Plaintiff has knowledge that includes, but is not limited to, how these Districts were created with race as the predominate |

| Name | Contact Information | Information |
|---|---|---|
| | | consideration and deprived Black voters the opportunity to elect their candidate of choice, in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and Section 2 of the federal Voting Rights Act, 52 U.S.C. § 10301, respectively. |
| Plaintiff Dennis Leroy Black, Jr. | c/o Plaintiffs' Counsel | Possess knowledge of the allegations raised in the Complaint and pleadings and motions filed in response thereto. Plaintiff is a Black voter residing in Michigan Senate District 10 and Michigan House of Representatives District 13. Plaintiff  has knowledge that includes, but is not limited to, how these Districts were created with race as the predominate consideration and deprived Black voters the opportunity to elect their candidate of choice, in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and Section 2 of the federal Voting Rights Act, 52 U.S.C. § 10301, respectively. |
| Plaintiff Jamee Burbridge | c/o Plaintiffs' Counsel | Possess knowledge of the allegations raised in the Complaint and pleadings and motions filed in response thereto. Plaintiff is a Black voter residing in Michigan Senate District 10 and Michigan House of Representatives District 14. Plaintiff has knowledge that includes, but is not limited to, how these Districts were created with race as the predominate consideration and deprived Black |

3

| Name | Contact Information | Information |
|---|---|---|
| | | voters the opportunity to elect their candidate of choice, in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and Section 2 of the federal Voting Rights Act, 52 U.S.C. § 10301, respectively. |
| Plaintiff Beverly Ann Burrell | c/o Plaintiffs' Counsel | Possess knowledge of the allegations raised in the Complaint and pleadings and motions filed in response thereto. Plaintiff is a Black voter residing in Michigan Senate District 1 and Michigan House of Representatives District 8. Plaintiff has knowledge that includes, but is not limited to, how these Districts were created with race as the predominate consideration and deprived Black voters the opportunity to elect their candidate of choice, in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and Section 2 of the federal Voting Rights Act, 52 U.S.C. § 10301, respectively. |
| Plaintiff Jemell Cotton | c/o Plaintiffs' Counsel | Possess knowledge of the allegations raised in the Complaint and pleadings and motions filed in response thereto. Plaintiff is a Black voter residing in Michigan Senate District 3 and Michigan House of Representatives District 10. Plaintiff has knowledge that includes, but is not limited to, how these Districts were created with race as the predominate consideration and deprived Black voters the opportunity to elect their candidate of choice, in violation of |

4

| Name | Contact Information | Information |
|---|---|---|
| | | the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and Section 2 of the federal Voting Rights Act, 52 U.S.C. § 10301, respectively. |
| Plaintiff Teresa DuBose | c/o Plaintiffs' Counsel | Possess knowledge of the allegations raised in the Complaint and pleadings and motions filed in response thereto. Plaintiff is a Black voter residing in Michigan Senate District 10. Plaintiff  has knowledge that includes, but is not limited to, how this District was created with race as the predominate consideration and deprived Black voters the opportunity to elect their candidate of choice, in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and Section 2 of the federal Voting Rights Act, 52 U.S.C. § 10301, respectively. |
| Plaintiff Karen Ferguson | c/o Plaintiffs' Counsel | Possess knowledge of the allegations raised in the Complaint and pleadings and motions filed in response thereto. Plaintiff is a Black voter residing in Michigan Senate District 8 and Michigan House of Representatives District 7. Plaintiff has knowledge that includes, but is not limited to, how these Districts were created with race as the predominate consideration and deprived Black voters the opportunity to elect their candidate of choice, in violation of the Equal Protection Clause of the Fourteenth Amendment to the |

5

| Name | Contact Information | Information |
|---|---|---|
|  |  | United States Constitution and Section 2 of the federal Voting Rights Act, 52 U.S.C. § 10301, respectively. |
| Plaintiff Michelle Keeble | c/o Plaintiffs' Counsel | Possess knowledge of the allegations raised in the Complaint and pleadings and motions filed in response thereto. Plaintiff is a Black voter residing in Michigan Senate District 6. Plaintiff  has knowledge that includes, but is not limited to, how this District was created with race as the predominate consideration and deprived Black voters the opportunity to elect their candidate of choice, in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and Section 2 of the federal Voting Rights Act, 52 U.S.C. § 10301, respectively. |
| Plaintiff Kimberly Hill Knott | c/o Plaintiffs' Counsel | Possess knowledge of the allegations raised in the Complaint and pleadings and motions filed in response thereto. Plaintiff is a Black voter residing in Michigan Senate District 8 and Michigan House of Representatives District 7. Plaintiff has knowledge that includes, but is not limited to, how these Districts were created with race as the predominate consideration and deprived Black voters the opportunity to elect their candidate of choice, in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and Section 2 of the federal Voting |

CLARKHILL\L1503\442579\269312788.v1-11/23/22

| Name | Contact Information | Information |
|---|---|---|
| | | Rights Act, 52 U.S.C. § 10301, respectively. |
| Plaintiff Barbara Gail London | c/o Plaintiffs' Counsel | Possess knowledge of the allegations raised in the Complaint and pleadings and motions filed in response thereto. Plaintiff is a Black voter residing in Michigan Senate District 11 and Michigan House of Representatives District 12. Plaintiff  has knowledge that includes, but is not limited to, how these Districts were created with race as the predominate consideration and deprived Black voters the opportunity to elect their candidate of choice, in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and Section 2 of the federal Voting Rights Act, 52 U.S.C. § 10301, respectively. |
| Plaintiff Norma McDaniel | c/o Plaintiffs' Counsel | Possess knowledge of the allegations raised in the Complaint and pleadings and motions filed in response thereto. Plaintiff is a Black voter residing in Michigan Senate District 5 and Michigan House of Representatives District 26. Plaintiff  has knowledge that includes, but is not limited to, how these Districts were created with race as the predominate consideration and deprived Black voters the opportunity to elect their candidate of choice, in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and Section 2 of the federal Voting Rights Act, 52 U.S.C. § 10301, respectively. |

| Name | Contact Information | Information |
|---|---|---|
| Plaintiff Glenda McDonald | c/o Plaintiffs' Counsel | Possess knowledge of the allegations raised in the Complaint and pleadings and motions filed in response thereto. Plaintiff is a Black voter residing in Michigan Senate District 3 and Michigan House of Representatives District 8. Plaintiff  has knowledge that includes, but is not limited to, how these Districts were created with race as the predominate consideration and deprived Black voters the opportunity to elect their candidate of choice, in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and Section 2 of the federal Voting Rights Act, 52 U.S.C. § 10301, respectively. |
| Plaintiff Janet Marie Overall | c/o Plaintiffs' Counsel | Possess knowledge of the allegations raised in the Complaint and pleadings and motions filed in response thereto. Plaintiff is a Black voter residing in Michigan Senate District 1 and Michigan House of Representatives District 1. Plaintiff  has knowledge that includes, but is not limited to, how these Districts were created with race as the predominate consideration and deprived Black voters the opportunity to elect their candidate of choice, in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and Section 2 of the federal Voting Rights Act, 52 U.S.C. § 10301, respectively. |
| Plaintiff Shirley L. Radden | c/o Plaintiffs' Counsel | Possess knowledge of the allegations raised in the Complaint |

8

| Name | Contact Information | Information |
|------|-------------------|-------------|
| | | and pleadings and motions filed in response thereto. Plaintiff is a Black voter residing in Michigan House of Representatives District 10. Plaintiff has knowledge that includes, but is not limited to, how this District was created with race as the predominate consideration and deprived Black voters the opportunity to elect their candidate of choice, in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and Section 2 of the federal Voting Rights Act, 52 U.S.C. § 10301, respectively. |
| Plaintiff Davonte Sherard | c/o Plaintiffs' Counsel | Possess knowledge of the allegations raised in the Complaint and pleadings and motions filed in response thereto. Plaintiff is a Black voter residing in Michigan Senate District 1 and Michigan House of Representatives District 2. Plaintiff  has knowledge that includes, but is not limited to, how these Districts were created with race as the predominate consideration and deprived Black voters the opportunity to elect their candidate of choice, in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and Section 2 of the federal Voting Rights Act, 52 U.S.C. § 10301, respectively. |
| Plaintiff Michelle T. Smith | c/o Plaintiffs' Counsel | Possess knowledge of the allegations raised in the Complaint and pleadings and motions filed in response thereto. Plaintiff is a |

CLARKHILL\L1503\442579\269312788.v1-11/23/22

| Name | Contact Information | Information |
|---|---|---|
| | | Black voter residing in Michigan Senate District 6. Plaintiff has knowledge that includes, but is not limited to, how this District was created with race as the predominate consideration and deprived Black voters the opportunity to elect their candidate of choice, in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and Section 2 of the federal Voting Rights Act, 52 U.S.C. § 10301, respectively. |
| Plaintiff Kenyetta Snapp | c/o Plaintiffs' Counsel | Possess knowledge of the allegations raised in the Complaint and pleadings and motions filed in response thereto. Plaintiff is a Black voter residing in Michigan House of Representatives District 11. Plaintiff has knowledge that includes, but is not limited to, how this District was created with race as the predominate consideration and deprived Black voters the opportunity to elect their candidate of choice, in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and Section 2 of the federal Voting Rights Act, 52 U.S.C. § 10301, respectively. |
| Plaintiff Donyale Stephen-Atara | c/o Plaintiffs' Counsel | Possess knowledge of the allegations raised in the Complaint and pleadings and motions filed in response thereto. Plaintiff is a Black voter residing in Michigan Senate District 10 Michigan House |

CLARKHILL\L1503\442579\269312788.v1-11/23/22

| Name | Contact Information | Information |
|------|---------------------|-------------|
| | | of Representatives District 14. Plaintiff has knowledge that includes, but is not limited to, how these Districts were created with race as the predominate in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. |
| Plaintiff Tanesha Wilson | c/o Plaintiffs' Counsel | Possess knowledge of the allegations raised in the Complaint and pleadings and motions filed in response thereto. Plaintiff is a Black voter residing in Michigan Senate District 10 and Michigan House of Representatives District 14. Plaintiff  has knowledge that includes, but is not limited to, how these Districts were created with race as the predominate consideration and deprived Black voters the opportunity to elect their candidate of choice, in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and Section 2 of the federal Voting Rights Act, 52 U.S.C. § 10301, respectively. |
| Defendant Jocelyn Benson ("Defendant Benson") | c/o Assistant Attorneys General Heather S. Meingast and Erik A. Grill | Possess knowledge of the allegations raised in the Complaint and pleadings and motions filed in response thereto. Such knowledge may include but is not limited to: (i) Defendant Benson's constitutional mandate to oversee, assist with, and enforce the unlawful District maps; and (ii) Defendant Benson's authority and willingness to redress Plaintiffs' injuries by enforcing lawfully redrawn District maps. Defendant Benson has also knowledge of her |

11

| Name | Contact Information | Information |
|---|---|---|
| | | own scholarship in the field of redistricting and minority-majority districts, including her agreement that empirical evidence shows it is "nearly impossible for minority candidates to elect the candidate of their choice outside of districts where more than 50% of the voting age population is a combination of minority groups," and her proposal to ban "reductions below 55% of covered minority populations in any currently majority-minority district." Defendant Benson also has knowledge of the first election to take place in Michigan following the Redistricting Commission's handiwork, an election that ended the City of Detroit's 70-year stretch of Black representation in Congress and reduced the size of the Michigan Legislative Black Caucus by 20%. As one political consultant put it, "Democrats, in large part, can thank the redistricting commission for their legislative majorities, but the way they accomplished that was diminishing Black representation." |
| All individual commissioners, agents, employees, representatives, and experts utilized by Defendant Michigan Independent Citizens Redistricting Commission (the "Commission") in creating the challenged Districts. | c/o FINK BRESSACK and BAKER & HOSTETLER LLP | The Commission's commissioners, agents, employees, representatives, and experts have knowledge of the allegations raised in the Complaint, the pleadings and motions filed in response thereto, and information related to the unlawful creation of the District maps. Such knowledge may include but is not limited to: (i) the reasoning, rationale, and basis for lowering the Black voting age |

| Name | Contact Information | Information |
|---|---|---|
| | | population in the House and Senate Districts; (ii) the diluted ability of the Black voter candidate of choice to prevail in a future House and/or Senate Democratic Primary Election; (iii) the Commission's subordination of traditional, race-neutral principles, such as compactness, contiguity, and respect for political subdivision or communities to race as the predominant consideration for drawing the House and Senate District lines; (iv) the Commission's stacking of Black voters into Districts that traditionally have a majority white voting age population with the intent to have the lowest Black voting age population as could be rationalized; and (v) alternative less restrictive means that could have been used to draw the House and Senate Districts. These individuals also have knowledge of the first election to take place in Michigan following the Redistricting Commission's handiwork, an election that ended the City of Detroit's 70-year stretch of Black representation in Congress and reduced the size of the Michigan Legislative Black Caucus by 20%. As one political consultant put it, "Democrats, in large part, can thank the redistricting commission for their legislative majorities, but the way they accomplished that was diminishing Black representation." |
| Defendant Douglas Clark | c/o FINK BRESSACK and BAKER & HOSTETLER LLP | As a commissioner on the Commission, this Defendant possess knowledge of the |

13

| Name | Contact Information | Information |
|------|---------------------|-------------|
| | | Commissions' unlawful actions in drawing the District maps, in addition to, but not limited to, all information the Commission possess knowledge of as described above. This Defendant also has knowledge of the first election to take place in Michigan following the Redistricting Commission's handiwork, an election that ended the City of Detroit's 70-year stretch of Black representation in Congress and reduced the size of the Michigan Legislative Black Caucus by 20%. As one political consultant put it, "Democrats, in large part, can thank the redistricting commission for their legislative majorities, but the way they accomplished that was diminishing Black representation." |
| Defendant Juanita Curry | c/o FINK BRESSACK and BAKER & HOSTETLER LLP | As a commissioner on the Commission, this Defendant possesses knowledge of the Commissions' unlawful actions in drawing the District maps, in addition to, but not limited to, all information the Commission possess knowledge of as described above. This Defendant also has knowledge of the first election to take place in Michigan following the Redistricting Commission's handiwork, an election that ended the City of Detroit's 70-year stretch of Black representation in Congress and reduced the size of the Michigan Legislative Black Caucus by 20%. As one political consultant put it, "Democrats, in large part, can thank the redistricting commission for their legislative majorities, but the way |

14

| Name | Contact Information | Information |
|---|---|---|
| | | they accomplished that was diminishing Black representation." |
| Defendant Anthony Eid | c/o FINK BRESSACK and BAKER & HOSTETLER LLP | As a commissioner on the Commission, this Defendant possess knowledge of the Commissions' unlawful actions in drawing the District maps, in addition to, but not limited to, all information the Commission possess knowledge of as described above. This Defendant also has knowledge of the first election to take place in Michigan following the Redistricting Commission's handiwork, an election that ended the City of Detroit's 70-year stretch of Black representation in Congress and reduced the size of the Michigan Legislative Black Caucus by 20%. As one political consultant put it, "Democrats, in large part, can thank the redistricting commission for their legislative majorities, but the way they accomplished that was diminishing Black representation." |
| Defendant Rhonda Lange | c/o FINK BRESSACK and BAKER & HOSTETLER LLP | As a commissioner on the Commission, this Defendant possesses knowledge of the Commissions' unlawful actions in drawing the District maps, in addition to, but not limited to, all information the Commission possess knowledge of as described above. This Defendant also has knowledge of the first election to take place in Michigan following the Redistricting Commission's handiwork, an election that ended the City of Detroit's 70-year stretch of Black representation in Congress and reduced the size of the Michigan Legislative Black Caucus by 20%. As one political |

CLARKHILL\L1503\442579\269312788.v1-11/23/22

| Name | Contact Information | Information |
|------|---------------------|-------------|
| | | consultant put it, "Democrats, in large part, can thank the redistricting commission for their legislative majorities, but the way they accomplished that was diminishing Black representation." |
| Defendant Steven Terry Lett | c/o FINK BRESSACK and BAKER & HOSTETLER LLP | As a commissioner on the Commission, this Defendant possesses knowledge of the Commissions' unlawful actions in drawing the District maps, in addition to, but not limited to, all information the Commission possess knowledge of as described above. This Defendant also has knowledge of the first election to take place in Michigan following the Redistricting Commission's handiwork, an election that ended the City of Detroit's 70-year stretch of Black representation in Congress and reduced the size of the Michigan Legislative Black Caucus by 20%. As one political consultant put it, "Democrats, in large part, can thank the redistricting commission for their legislative majorities, but the way they accomplished that was diminishing Black representation." |
| Defendant Brittni Kellom | c/o FINK BRESSACK and BAKER & HOSTETLER LLP | As a commissioner on the Commission, this Defendant possesses knowledge of the Commissions' unlawful actions in drawing the District maps, in addition to, but not limited to, all information the Commission possess knowledge of as described above. This Defendant also has knowledge of the first election to take place in Michigan following the Redistricting Commission's handiwork, an election that ended the City of Detroit's 70-year |

CLARKHILL\L1503\442579\269312788.v1-11/23/22

| Name | Contact Information | Information |
| --- | --- | --- |
| | | stretch of Black representation in Congress and reduced the size of the Michigan Legislative Black Caucus by 20%. As one political consultant put it, "Democrats, in large part, can thank the redistricting commission for their legislative majorities, but the way they accomplished that was diminishing Black representation." |
| Defendant M.C. Rothhorn | c/o FINK BRESSACK and BAKER & HOSTETLER LLP | As a commissioner on the Commission, this Defendant possesses knowledge of the Commissions' unlawful actions in drawing the District maps, in addition to, but not limited to, all information the Commission possess knowledge of as described above. This Defendant also has knowledge of the first election to take place in Michigan following the Redistricting Commission's handiwork, an election that ended the City of Detroit's 70-year stretch of Black representation in Congress and reduced the size of the Michigan Legislative Black Caucus by 20%. As one political consultant put it, "Democrats, in large part, can thank the redistricting commission for their legislative majorities, but the way they accomplished that was diminishing Black representation." |
| Defendant Cynthia Orton | c/o FINK BRESSACK and BAKER & HOSTETLER LLP | As a commissioner on the Commission, this Defendant possesses knowledge of the Commissions' unlawful actions in drawing the District maps, in addition to, but not limited to, all information the Commission possess knowledge of as described above. This Defendant also has knowledge of the first election to |

| Name | Contact Information | Information |
|---|---|---|
| | | take place in Michigan following the Redistricting Commission's handiwork, an election that ended the City of Detroit's 70-year stretch of Black representation in Congress and reduced the size of the Michigan Legislative Black Caucus by 20%. As one political consultant put it, "Democrats, in large part, can thank the redistricting commission for their legislative majorities, but the way they accomplished that was diminishing Black representation." |
| Defendant Rebecca Szetela | c/o FINK BRESSACK and BAKER & HOSTETLER LLP | As a commissioner on the Commission, this Defendant possesses knowledge of the Commissions' unlawful actions in drawing the District maps, in addition to, but not limited to, all information the Commission possess knowledge of as described above. This Defendant also has knowledge of the first election to take place in Michigan following the Redistricting Commission's handiwork, an election that ended the City of Detroit's 70-year stretch of Black representation in Congress and reduced the size of the Michigan Legislative Black Caucus by 20%. As one political consultant put it, "Democrats, in large part, can thank the redistricting commission for their legislative majorities, but the way they accomplished that was diminishing Black representation." |
| Defendant Janice Vallette | c/o FINK BRESSACK and BAKER & HOSTETLER LLP | As a commissioner on the Commission, this Defendant possesses knowledge of the Commissions' unlawful actions in drawing the District maps, in addition to, but not limited to, all |

| Name | Contact Information | Information |
|---|---|---|
|  |  | information the Commission possess knowledge of as described above. This Defendant also has knowledge of the first election to take place in Michigan following the Redistricting Commission's handiwork, an election that ended the City of Detroit's 70-year stretch of Black representation in Congress and reduced the size of the Michigan Legislative Black Caucus by 20%. As one political consultant put it, "Democrats, in large part, can thank the redistricting commission for their legislative majorities, but the way they accomplished that was diminishing Black representation." |
| Defendant Erin Wagner | c/o FINK BRESSACK and BAKER & HOSTETLER LLP | As a commissioner on the Commission, this Defendant possesses knowledge of the Commissions' unlawful actions in drawing the District maps, in addition to, but not limited to, all information the Commission possess knowledge of as described above. This Defendant also has knowledge of the first election to take place in Michigan following the Redistricting Commission's handiwork, an election that ended the City of Detroit's 70-year stretch of Black representation in Congress and reduced the size of the Michigan Legislative Black Caucus by 20%. As one political consultant put it, "Democrats, in large part, can thank the redistricting commission for their legislative majorities, but the way they accomplished that was diminishing Black representation." |
|  |  |  |

19

| Name | Contact Information | Information |
|---|---|---|
| Defendant Richard Weiss | c/o FINK BRESSACK and BAKER & HOSTETLER LLP | As a commissioner on the Commission, this Defendant possesses knowledge of the Commissions' unlawful actions in drawing the District maps, in addition to, but not limited to, all information the Commission possess knowledge of as described above. This Defendant also has knowledge of the first election to take place in Michigan following the Redistricting Commission's handiwork, an election that ended the City of Detroit's 70-year stretch of Black representation in Congress and reduced the size of the Michigan Legislative Black Caucus by 20%. As one political consultant put it, "Democrats, in large part, can thank the redistricting commission for their legislative majorities, but the way they accomplished that was diminishing Black representation." |
| Defendant Dustin Witjes | c/o FINK BRESSACK and BAKER & HOSTETLER LLP | As a commissioner on the Commission, this Defendant possesses knowledge of the Commissions' unlawful actions in drawing the District maps, in addition to, but not limited to, all information the Commission possess knowledge of as described above. This Defendant also has knowledge of the first election to take place in Michigan following the Redistricting Commission's handiwork, an election that ended the City of Detroit's 70-year stretch of Black representation in Congress and reduced the size of the Michigan Legislative Black Caucus by 20%. As one political consultant put it, "Democrats, in |

CLARKHILL\L1503\442579\269312788.v1-11/23/22

| Name | Contact Information | Information |
|------|-------------------|-------------|
| | | large part, can thank the redistricting commission for their legislative majorities, but the way they accomplished that was diminishing Black representation." |
| Sean P. Trende | c/o Plaintiffs' counsel | Retained by Plaintiffs to prepare expert report that will be submitted by Plaintiffs in accordance with the Case Management Order. This expert report uses a statistical technique known as ecological regression to examine how varying levels of BVAP may predict the success rate of the Black voter candidate of choice in a Democratic Primary Election. This expert report will show that the Commission drew the House and Senate District maps with race as the predominant consideration over others and could have created additional Districts with a Black voter age population majority. |
| Dr. Lisa Handley | Known by Defendants | As this individual was retained by the Commission to determine if the District maps comply with Section 2 of the federal Voting Rights Act, 52 U.S.C. § 10301, Dr. Handley possesses knowledge that includes but is not limited to: (i) the Commission's decision-making process in lowering the Black voting age population in the challenged Districts; (ii) the Commission's decision-making process in replacing and deleting Black voter majority-minority House and Senate Districts with so-called Minority Opportunity Districts; (iii) the Commission's decision-making process in "cracking" or "unpacking" Black voters into what Dr. Handley's |

| Name | Contact Information | Information |
|---|---|---|
| | | report to the Commission describes as "white crossover voting" districts; and (iv) all of the conclusion and information contained in Dr. Handley's Report to the Commission. This Defendant also has knowledge of the first election to take place in Michigan following the Redistricting Commission's handiwork, an election that ended the City of Detroit's 70-year stretch of Black representation in Congress and reduced the size of the Michigan Legislative Black Caucus by 20%. As one political consultant put it, "Democrats, in large part, can thank the redistricting commission for their legislative majorities, but the way they accomplished that was diminishing Black representation." |
| Qualified Black voters and residents from the impacted areas of the challenged Senate and House Districts and Metropolitan Detroit | To be provided once available to Plaintiffs, c/o Plaintiffs' Counsel. | These individuals are voters residing in and/or negatively impacted by the challenged Senate and House Districts, and surrounding area, that were created with race as the predominate consideration and/or deprived Black voters the opportunity to elect their candidate of choice. Plaintiffs will disclose the names of these individuals as they become known. |
| Elected officials from the impacted areas of the challenged Senate and House Districts and Metropolitan Detroit | To be provided once available to Plaintiffs, c/o Plaintiffs' Counsel. | These individuals are elected officials representing and/or negatively impacted by the challenged Senate and House Districts, and surrounding area, that were created with race as the predominate consideration and/or |

CLARKHILL\L1503\442579\269312788.v1-11/23/22

| Name | Contact Information | Information |
|---|---|---|
| | | deprived Black voters the opportunity to elect their candidate of choice.<br><br>Plaintiffs will disclose the names of these elected officials as they become known. |
| All employees, officers, agents, representatives, consultants, and experts utilized by the Michigan Secretary of State's office in assisting with, enforcing, overseeing, and implementing the unlawful District maps or any future redrawn maps. | c/o Assistant Attorneys General Heather S. Meingast and Erik A. Grill | These individuals possess the same knowledge and information as Defendant Benson. |
| Jonathan Brater - Director of the Bureau of Elections | c/o Assistant Attorneys General Heather S. Meingast and Erik A. Grill | As the Bureau of Elections is responsible for administering elections at the direction of Defendant Benson, this individual possesses the same knowledge and information as Defendant Benson. |
| Bruce Adelson | Known by Defendants | As Mr. Adelson was former counsel to the Commission, he possesses the same information and knowledge of the individual commissioner Defendants in addition to non-privileged information related to the history of discrimination in Michigan and its influence on voting. |
| Jon X. Eguia | Address: 486 W Circle Dr, #220A, East Lansing, MI 48824<br><br>Telephone: (517) 353-6621 | Professor Eguia is a Professor of Economics and (by courtesy) of Political Science at Michigan State University. Professor Eguia has extensively researched redistricting and his research is published in the peer-reviewed Election Law Journal. In addition, he was the lead author of the Report on the 2021 Michigan Redistricting Map Analysis published by the Institute of Public |

CLARKHILL\L1503\442579\269312788.v1-11/23/22

| Name | Contact Information | Information |
|------|--------------------|-------------|
|      |                    | Policy and Social Research at Michigan State University. |

## II.  DOCUMENTS, ELECTRONICALLY-STORED INFORMATION, AND TANGIBLE THINGS THAT MAY BE USED TO SUPPORT PLAINTIFFS' CLAIMS AND DEFENSES

The following documents, electronically-stored information, and tangible things are in Plaintiffs' possession and may be used to support Plaintiffs' claims and defenses. Unless already in the possession of Defendants, these documents will be available for review and copying at a mutually agreeable time and location, pursuant to the Case Management Order. ECF No. 38. Alternatively, at Defendants request and expense, these documents may be copied and mailed to counsel for Defendants. Any expert report listed or otherwise referenced below will be produced to Defendants by January 18, 2023 pursuant to the Case Management Order. ECF No. 38, PageID.507

1. The administrative and redistricting records of Defendant Michigan Independent Citizens Redistricting Commission's including but not limited to those records accessible to Plaintiffs via the Commission's website at https://www.michigan.gov/micrc or other websites.

2. The written expert witness report of Sean P. Trende, which shall be produced to Defendants by January 18, 2023 pursuant to the Case Management Order. ECF No. 38, PageID.507.

3. Any other future expert witness reports that may be utilized by Plaintiffs shall be produced to Defendants by January 18, 2023 pursuant to the Case Management Order. ECF No. 38, PageID.507. At this time it is anticipated that any such expert report will contain information that includes, but is not limited to, (i) the inability of  minority candidates of choice to prevail in future House and/or Senate Democratic Primary Elections; (ii) the Commission's subordination of traditional, race-neutral principles, such as compactness, contiguity, and respect for political subdivision or communities to race as the predominant consideration for drawing the House and Senate District lines; (iii) the Commission's stacking of Black voters into Districts that traditionally have a majority white voting age population with the intent to dilute the Black voting age population; (iv) alternative less restrictive means that could have been used to draw the House and Senate Districts; and (v)

24

any and all other information that could discovered by Plaintiffs to support their claims.

4. All documents, illustrative maps, reports, or other material included or otherwise referenced in any of Plaintiffs' filings, which would be in the possession of Defendants.

Plaintiffs have put forth a good-faith effort to identify and categorize all documents required under Rule 26(a)(1)(ii). It is, however, possible that additional documents which support Plaintiffs' claims and refute Defendants' defenses may be discovered through the course of this litigation. Such additional documents would be in the possession of Defendants and/or third-parties, including, but not limited to, the following:

1. Michigan's past redistricting maps and associated records as well as the corresponding primary and general election results for the previous House and Senate Districts within and surrounding Michigan's majority minority areas.

2. Any and all election results of the challenged House and Senate Districts and surrounding area from 2022, including both the primary and general elections showing that Black voters were unable to elect their candidates of choice in several of the Commission's redrawn districts.

3. Defendant Michigan Independent Citizens Redistricting Commission's complete administrative file complied in connection with Constitutional redistricting mandate.

4. Any and all campaign finance reports filed with Defendant Benson and her office, located in the Secretary of State's campaign financial database.

## III. COMPUTATION OF DAMAGES

Except for fees under 52 U.S.C. § 10310(e), Plaintiffs' do not seek damages as described under Rule 26(a)(1)(iii). Instead, Plaintiffs seek declaratory relief in the form of the following:

A. Declare that the House and Senate District maps violate Section 2 of the Voting Rights Act (Counts I – II) and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution (Counts III – VI);

B.     Establish a reasonable deadline by which Defendants must adopt Plaintiffs' proposed Remedy Map, or, alternatively, should Defendants fail to meet the Court's deadline, that the Court assume jurisdiction, appoint a special master, and draw constitutionally compliant House and Senate District maps;

C.     Award Plaintiffs their costs, expenses, disbursements, and reasonable attorney fees incurred because of filing this action to defend their constitutionally and statutorily protected voting rights, in accordance with 52 U.S.C. § 10310(e);

D.     Retain jurisdiction until such time that all Defendants have complied with all the Court's orders and mandates stemming from this action; and

E.     Grant such other and further relief as the Court may deem just and proper.

## IV.     INSURANCE AGREEMENT

This disclosure required by Rule 26(a)(1)(A)(iv) does not apply to Plaintiffs and Plaintiffs are not aware of any insurance coverage relevant to their claims against Defendants.

## V.     IDENTIFICATION OF EXPERT WITNESSES

Pursuant to Fed. R. Civ. P. 26(a)(2), Plaintiffs will make these disclosures by December 28, 2022, in accordance with the Case Management Order.

Respectfully submitted,


Dated: November 23, 2022                          /s/ John J. Bursch
                                                  John J. Bursch (P57679)
                                                  BURSCH LAW PLLC
                                                  *Attorney for Plaintiffs*
                                                  9339 Cherry Valley Ave SE, #78
                                                  Caledonia, Michigan 49316
                                                  (616) 450-4235
                                                  jbursch@burschlaw.com

                                                  Michael J. Pattwell (P72419)
                                                  James J. Fleming (P84490)
                                                  Amia A. Banks (P84182)
                                                  CLARK HILL PLC
                                                  *Attorneys for Plaintiffs*
                                                  215 South Washington Square, Suite 200
                                                  Lansing, MI 48933
                                                  (517) 318-3100
                                                  mpattwell@clarkhill.com
                                                  jfleming@clarkhill.com
                                                  abanks@clarkhill.com