# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DONALD AGEE, JR., an individual, *et al.*,<br><br>        Plaintiffs,<br><br>v.<br><br>JOCELYN BENSON, in her official capacity as the Secretary of State of Michigan, *et al.*;<br><br>        Defendants. | Case No. 1:22-cv-00272<br><br>**Three-Judge Panel Appointed Pursuant to 28 U.S.C. § 2284(a)** |

**ORDER APPOINTING SPECIAL MASTER**

      The Court, pursuant to Fed. R. Civ. P. 53, hereby appoints [insert name] as special master (hereinafter, the "Special Master") for the purpose of developing, evaluating, and recommending remedial redistricting plans in this matter as set forth below:

      1)    The Special Master shall be empowered and charged with the duty to prepare, in a collaborative fashion and with input from the Commission and Plaintiffs, a remedial map for the 13 districts invalidated by the Court; however, if necessary to comply with the other provisions of this order or the Opinion and Order dated December 21, 2023 (ECF No. 131) (hereinafter, the "Opinion"), the Special Master is bestowed with veto power over the Commission if necessary to fulfill his/her duties as outlined herein;

      2)    All remedial maps proposed by the Special Master must remedy the

Equal Protection violations identified by the Court and the Court shall retain jurisdiction to ensure this is achieved;

3) Districts immediately adjacent to the 13 districts deemed unconstitutional may be subject to changes in the remedial maps, and the Special Master is authorized to make changes to those districts as reasonably necessary to accomplish the objective criteria set forth in the Michigan Constitution and to comply with the Opinion;

4) The Special Master shall comply with all constitutionally mandated transparency requirements pursuant to Michigan law with the exception of the requirement of holding statewide public hearings for input on proposed maps;

5) Plaintiffs may, but are not required to, submit proposed maps to the Special Master for consideration, and the Special Master must consider any proposals, plans, and comments provided by Plaintiffs. If the Special Master rejects Plaintiffs' proposals, maps, or comments, the Special Master must specify in a written report to the Court the reasons for doing so;

6) The Special Master's recommended remedial maps must be submitted to the Court with a written report in accordance with Fed. R. Civ. P. 53(e) within ten days of entry of this Order and once submitted to the Court, Plaintiffs will have a 7-day objection period;

7) If the Special Master and Plaintiffs cannot resolve the objections, the Court will hold a hearing to resolve those objections;

8) Plaintiffs and/or their representatives (including attorneys or experts)

may attend any Commission meetings to monitor status;

9) The Special Master shall document any communications made with the parties outside of any publicly held meeting and shall limit those *ex parte* communications; however, in his/her capacity as liaison to this Court, the Special Master(s) may engage in *ex parte* communications with the Court to the extent necessary to fulfill the duties and obligations set forth in the Court's order;

10) All of the Special Master's fees and costs, subject to approval by this Court, shall be borne by Defendants;

11) Defendants are directed to share any and all census data, demographic data, or other electronic information and shapefiles—including but not limited to (a) 2020 total population (as used by the commission), (b) 2020 voting age population (as used by the Commission), (c) 2020 Black voting age population (as used by the Commission), and 2012-2020 political information—with the Special Master within three business days after entry of this order, and the Secretary of State and Commission shall promptly provide any additional data requested by the Special Master necessary to fulfill his/her duties;

12) The Special Master must not have a relationship to the parties (including any individual current or former Commissioner), attorneys (including current or former attorneys, such as Bruce Adelson or Julianne Pastula) or to any retained expert (including Dr. Lisa Handley), action, or court that would require disqualification of a judge under 28 U.S.C. § 455, unless the parties, with the Court's approval, consent to the appointment after the Special Master discloses any potential

3

grounds for disqualification, in compliance with compliance with Fed. R. Civ. P. 53(2), and if any potential conflict of interest exists, the Special Master shall disclose the relationship in writing.

**IT IS SO ORDERED**.

Dated: _____                                                                 /s/_____
                                                                                                  Hon. Paul L. Maloney
                                                                                                  United States District Judge
                                                                                                  On behalf of the Three-Judge Panel

4