UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD AGEE, JR. *et al.*,
Plaintiffs,

v.

JOCELYN BENSON, in her official capacity as the Secretary of State of Michigan, *et al.*,
Defendants.

No. 1:22-cv-272

Three-Judge Court

**SCHEDULING ORDER REGARDING REDISTRICTING**

1. On December 21, 2023, we unanimously held that the Michigan Independent Citizens Redistricting Commission violated the Equal Protection Clause of the U.S. Constitution when it drew the boundaries of thirteen state legislative districts predominantly on the basis of race. We therefore enjoined the Secretary of State, Jocelyn Benson, from holding further elections in those districts as they are currently drawn, and ordered the parties to appear before us in early January to discuss how to proceed with redrawing them. The parties thereafter filed supplemental briefing and proposed timelines for redrawing the unconstitutional districts, and jointly submitted a list of special-master candidates to assist the court during that process. The parties appeared before us for a hearing on January 5, 2024.

2. In this order, we prescribe a schedule for redrawing the unconstitutional House districts. Redrawing the boundaries of those districts will unavoidably affect the boundaries of other districts. We therefore expect that the district lines for not only for the unconstitutional districts, but also other districts as reasonably necessary, will be redrawn. The schedule for redrawing the unconstitutional Senate districts will be the subject of a later scheduling order.

3. When a court holds that district lines violate federal law, the court must typically afford the relevant state actor an adequate opportunity to prepare a remedial redistricting plan. *See Lawyer v. Department of Justice,* 521 U.S. 567, 576 (1997); *McDaniel v. Sanchez*, 452 U.S. 130, 150 n.30 (1981) (collecting cases). But when the relevant state actor is uncooperative, or "the imminence of a state election makes it impractical" for the state actor timely to prepare a redistricting plan, the court might need to undertake the "unwelcome obligation" of preparing the plan itself. *Wise v. Lipscomb*, 437 U.S. 535, 540 (1978) (principal opinion).

Here, the Commission represents to us that it can "do its remedial work" in the short timeframe available to us here. With certain safeguards, the court will give the Commission that chance.

4. One such safeguard concerns the preparation of an alternative redistricting plan. At the January 5 hearing, the Michigan Secretary of State (through counsel) informed us that she has "very little time" to take the actions necessary to implement new districting maps ahead of the candidate-filing deadline imposed by state law. That deadline is April 23, 2024. The Secretary therefore asks that any remedial plan be adopted as soon as possible. Meanwhile, the Commission lacks the institutional knowledge and expertise that state actors in redistricting cases typically possess. And three of the Commission's thirteen members were selected at random just last week. Suffice it to say that we must have an alternative redistricting plan at the ready in the event that the Commission fails to provide an acceptable one on the schedule described below. *See North Carolina v. Covington,* 138 S. Ct. 2548, 2553 (2018).

5. The court has determined that the need for timely preparation of a redistricting plan suitable for this court's approval is an "exceptional condition[,]" Fed. R. Civ. P. 53(a)(1), that requires the appointment of two special masters to assist the court during the remedial map-

drawing process. This decision should come as no surprise to the parties: on January 8, 2024, at our direction, the plaintiffs and the Commission jointly submitted a list of three special master-candidates for the court's consideration, each of whom the parties agree would be an appropriate choice. We have reviewed that list and have conducted our own research regarding other suitable candidates.

6. We intend to appoint two special masters to assist the court during the remedial map-drawing process. First, we intend to appoint Dr. Michael Barber as a special master (hereinafter the "Mapping Special Master") to prepare and recommend to this court an alternative remedial redistricting plan that cures the constitutional violations identified in our December 21, 2023, opinion and order. *See* R.131. The parties submitted Dr. Barber's name to us and agree that he is an appropriate choice. Dr. Barber is a Professor of Political Science at Brigham Young University, and the Director of the Center for the Study of Elections and Democracy.

This court will consider Dr. Barber's alternative plan for adoption only if (a) the Commission fails to comply with the schedule below or (b) the court has significant concerns regarding the legality of the Commission's proposed redistricting plan. If the court does consider Dr. Barber's plan for adoption, the court will make that plan a matter of public record and allow the parties to present objections to it.

7. Second, we intend to appoint Dr. Bernard Grofman as a special master (hereinafter "the Reviewing Special Master") to evaluate the Commission's remedial plan and to advise the court as to whether, in his opinion, that plan lawfully remedies the constitutional violations identified in this court's December 21, 2023, opinion and order. *See* R.131. Dr. Grofman would also advise the court regarding Dr. Barber's plan in the event that the court asks him to do so. Dr. Grofman is Professor of Political Science and Jack W. Peltason Endowed Chair of Democracy

Studies at the University of California, Irvine, and former Director of the UCI Center for the Study of Democracy. He has participated in dozens of redistricting cases as an expert witness or special master, and has been cited in more than a dozen Supreme Court decisions. Dr. Grofman did not appear on the parties' list of special master-candidates, so the court will allow the parties to object—if they so choose—to his appointment. *See* Fed. R. Civ. P. 53(b)(1). Any such objections must be filed not later than January 16, 2024.

8. Finally, we address the plaintiffs' objection to the Commission's appointment of new Voting Rights Act counsel. Specifically, at the January 5 hearing, the Commission informed the court that it had appointed a member of its litigation team, Mark Braden of Baker Hostetler, to serve as its VRA counsel during the remedial map-drawing process. The plaintiffs objected to that appointment on the ground that—in the event of future litigation regarding the Commission's proposed remedial plan—Braden would likely be an important fact witness. Should that happen, the plaintiffs say, Braden would be in violation of an ethical rule that bars attorneys from acting as both advocates and witnesses in the same case. *See* Mich. R. Prof. Conduct 3.7.

The plaintiffs' concerns are well-founded, but not insuperable. As a rule, attorneys indeed should not testify as witnesses in cases in which they serve as advocates. *See, e.g., United States v. Lazar*, 604 F.3d 230, 242 (6th Cir. 2010) (concurring opinion). Rather, "tradition, as well as the ethics of our profession, generally instruct counsel to avoid the risks associated" with serving in both roles in the same proceeding. *Kalina v. Fletcher*, 522 U.S. 118, 130 (1997). That said, Braden is a well-respected attorney with long experience with the law relevant to the Commission's upcoming work here. We will therefore permit his appointment as VRA counsel, notwithstanding the plaintiffs' objection, if (a) Braden promptly discontinues his role as litigation counsel in this case, and (b) Baker Hostetler implements an appropriate mechanism to prevent Braden and his

colleagues at Baker Hostetler, going forward, from sharing any information regarding their respective work regarding this case. *See Waltzer v. Transidyne Gen. Corp.*, 697 F.2d 130, 134-35 (6th Cir. 1983); *Aleynu, Inc. v. Universal Prop. Dev. & Acquisition Corp.*, 564 F. Supp. 2d 751, 757-58 (E.D. Mich. 2008).

Accordingly, **IT IS HEREBY ORDERED** that:

1. The Commission shall submit to this court—and make available on its own website—newly drawn district plans for Michigan House Districts 1, 7, 8, 10, 11, 12, and 14, and for any other districts as reasonably necessary to cure the unconstitutional racial gerrymanders, no later than February 2, 2024.

2. The Commission shall provide for public comment on its proposed plan (or plans). The public-comment period shall conclude no later than February 23, 2024. The Commission must hold at least one public hearing in Detroit to solicit community input regarding its proposed plan(s).

3. The Commission shall adopt and submit to this court a final remedial House plan no later than March 1, 2024.

4. Plaintiffs must file any objections to the Commission's adopted plan by March 8, 2023. The defendants' responses to any objections must be filed by March 15, 2024.

5. The Reviewing Special Master shall submit to this court—on the public docket, by March 15, 2024—his report regarding whether the plan adopted by the Commission lawfully remedies the constitutional violations identified in this court's December 21, 2023, opinion and order.

6. The parties may each file briefs commenting on the Reviewing Special Master's report no later than March 20, 2024.

7. The court will approve a remedial house districting plan no later than March 29, 2024.

8. The parties must meet and confer—and jointly submit, no later than April 12, 2024—a proposed timeline for preparing a Senate remedial redistricting plan.

**IT IS FURTHER ORDERED** that:

1. Pursuant to Federal Rule of Civil Procedure 53, we intend to appoint Dr. Bernard Grofman as a Reviewing Special Master, subject to the conditions set forth below and the requirements of Federal Rule of Civil Procedure 53(b)(2).

2. If Dr. Grofman is willing to accept that appointment, he shall file an affidavit "disclosing whether there is any ground for [his] disqualification under 28 U.S.C. § 455" no later than January 16, 2024.  Fed. R. Civ. P. 53(b)(3)(A).

3. As noted above, if any party thinks that Dr. Grofman has a conflict of interest that would disqualify him for serving as Reviewing Special Master, or that his appointment is otherwise objectionable, that party shall file an objection by no later than January 16, 2024.

4. The court anticipates entering a formal appointing order with additional instructions regarding the Reviewing Special Master's duties, as required by Federal Rule of Civil Procedure 53(b).

5. The parties must not engage in any *ex parte* communication with the Reviewing Special Master about the subject matter of this litigation.

6. All reasonable costs and expenses of the Reviewing Special Master, including reasonable compensation for that person and any assistants he may retain, shall (subject to the court's approval) be paid by the Michigan Independent Citizen's Redistricting Commission.  The Reviewing Special Master shall take care to protect against unreasonable expenses.

**IT IS FURTHER ORDERED** that:

1. Pursuant to Federal Rule of Civil Procedure 53, we intend to appoint Dr. Michael Barber as a Mapping Special Master, subject to the conditions set forth below and the requirements of Federal Rule of Civil Procedure 53(b)(2).
2. Dr. Barber shall file an affidavit "disclosing whether there is any ground for [his] disqualification under 28 U.S.C. § 455" no later than January 16, 2024. Fed. R. Civ. P. 53(b)(3)(A).
3. The court anticipates entering a formal appointing order with additional instructions regarding the Mapping Special Master's duties, as required by Federal Rule of Civil Procedure 53(b).
4. The parties must not engage in any *ex parte* communication with the Mapping Special Master about the subject matter of this litigation.
5. All reasonable costs and expenses of the Mapping Special Master, including reasonable compensation for that person and any assistants he may retain, shall (subject to the court's approval) be paid by the Michigan Independent Citizen's Redistricting Commission. The Mapping Special Master shall take care to protect against unreasonable expenses.

**IT IS SO ORDERED.**

Date: January 11, 2024

/s/ Raymond M. Kethledge
Raymond M. Kethledge
United States Circuit Judge

/s/ Paul L. Maloney
Paul L. Maloney
United States District Judge

/s/ Janet T. Neff
Janet T. Neff
United States District Judge