UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DONALD AGEE, JR. *et al.*,<br>　　　　　　Plaintiffs,<br><br>v.<br><br>JOCELYN BENSON, in her official<br>capacity as the Secretary of State<br>of Michigan, *et al.*,<br>　　　　　　Defendants. | No. 1:22-cv-272<br><br>Three-Judge Court |

## ORDER APPOINTING MAPPING SPECIAL MASTER

**IT IS HEREBY ORDERED** that:

1. Pursuant to Federal Rule of Civil Procedure 53, we appoint Dr. Michael Barber as a Mapping Special Master, subject to the conditions set forth below and the requirements of Federal Rule of Civil Procedure 53(b)(2).

2. The Mapping Special Master is empowered and charged with the duty to prepare and recommend to this court an alternative remedial redistricting plan to remedy the unconstitutional racial gerrymander of House Districts 1, 7, 8, 10, 11, 12, and 14, as identified in our December 21, 2023, opinion and order. *See* ECF No. 131. Redrawing the boundaries of the unconstitutional districts will unavoidably affect the boundaries of other districts, so the Mapping Special Master may adjust other district lines as reasonably necessary to remedy the unconstitutional districts.

3. The Mapping Special Master shall, in developing that alternative remedial redistricting plan: (a) use the 2020 census data; (b) apply the redistricting criteria under Michigan law, *see* Mich. Const. art. IV, § 6(13), while ensuring that remedial districts remedy the constitutional violations and otherwise comply with federal law. The Mapping Special

1

Master must not sort voters into districts on the basis of race; except that if, after applying the Michigan criteria in a race-neutral fashion, the Mapping Special Master has "good reason" to think that a particular district has such an "excessive majority" of African-American voters as to constitute "packing" in violation of the Voting Rights Act, the Mapping Special Master may consider race to make narrowly tailored revisions to district lines as required by the VRA. *See Cooper v. Harris*, 581 U.S. 285, 302 (2017); *Thornburg v. Gingles*, 478 U.S. 30, 46 n.11 (1986).

4. The Mapping Special Master shall submit to this court—*ex parte*, and not on the public docket—his remedial redistricting plan, along with a report that explains the basis for that plan, by not later than February 2, 2024. *See* Fed. R. Civ. P. 53(e).

5. The Mapping Special Master is authorized to retain appropriate assistants as may be reasonably necessary for him to accomplish his task within the time constraints imposed by this Order.

6. The Mapping Special Master and his assistants may not engage in *ex parte* communications with the parties or their counsel. The Mapping Special Master may engage in *ex parte* communication with this court.

7. The Mapping Special Master shall maintain orderly files consisting of any written findings and recommendations. All other materials relating to the Mapping Special Master's work should be preserved until relieved of this obligation by this court. The Mapping Special Master shall preserve all datasets used in the formulation of his remedial redistricting plan.

8. All reasonable costs and expenses of the Mapping Special Master, including reasonable compensation for that person and any assistants he may retain, shall (subject to the court's

approval) be paid by the Michigan Independent Citizen's Redistricting Commission. The Mapping Special Master shall take care to protect against unreasonable expenses.

9. This court will consider Dr. Barber's alternative plan for adoption only if (a) the Commission fails to comply with the scheduling order set forth on January 11, 2024 (ECF No. 156); or (b) the court has significant concerns regarding the legality of the Commission's proposed redistricting plan. If the court does consider Dr. Barber's plan for adoption, the court will make that plan a matter of public record and allow the parties to present objections to it.

10. We will soon appoint, in a separate order, a Reviewing Special Master to evaluate the Commission's remedial plan and to advise the court as to whether, in his opinion, that plan lawfully remedies the constitutional violations identified in this court's December 21, 2023, opinion and order. *See* ECF No. 131. The Reviewing Special Master will also advise the court regarding Dr. Barber's plan in the event that the court asks him to do so.

**IT IS SO ORDERED.**

Date:  January 16, 2024                         /s/ Raymond M. Kethledge____
                                                                Raymond M. Kethledge
                                                                United States Circuit Judge

                                                                /s/ Paul L. Maloney_____
                                                                Paul L. Maloney
                                                                United States District Judge

                                                                /s/ Janet T. Neff_____
                                                                Janet T. Neff
                                                                United States District Judge