# EXHIBIT D



**OFFICE OF THE CLERK**

# Supreme Court of Wisconsin

**110 EAST MAIN STREET, SUITE 215**
**P.O. BOX 1688**
**MADISON, WI 53701-1688**

**TELEPHONE (608) 266-1880**
**FACSIMILE (608) 267-0640**
Web Site: www.wicourts.gov

FILED
12-22-2023
CLERK OF WISCONSIN
SUPREME COURT

December 22, 2023

**To:**

Daniel S. Lenz
Electronic Notice

Scott B. Thompson
Electronic Notice

Elizabeth M. Pierson
Electronic Notice

Douglas M. Poland
Electronic Notice

Jeffrey A. Mandell
Electronic Notice

Rachel A. Snyder
Electronic Notice

*Distribution List Continued on Pages 8-10

You are hereby notified that the Court has issued the following order:

---

No. 2023AP1399-OA    <u>Clarke v. Wisconsin Elections Commission</u>

On this same date, this court issued a decision concluding that Wisconsin's current legislative maps contain districts that violate Article IV, Sections 4 and 5 of the Wisconsin Constitution. The court therefore enjoined the Wisconsin Elections Commission from using the current legislative maps in all future elections. Accordingly, new Wisconsin legislative district maps must be adopted. To facilitate the adoption of new maps,

IT IS ORDERED that the court appoints the team of Dr. Bernard Grofman and Dr. Jonathan Cervas to serve as the court's consultants in this matter. The court contacted all of the persons identified by one or more of the parties as potential consultants to inquire regarding their capabilities and availability. The court determines that Dr. Grofman and Dr. Cervas possess the requisite expertise to assist the court in this case;

IT IS FURTHER ORDERED that the Director of State Courts is instructed to enter into one or more retainer agreements between the court and Dr. Grofman and Dr. Cervas for their services. The Director of State Courts shall promptly send fully executed copies of all such retainer agreements to the clerk of this court, who shall file the retainer agreements into the record of this case;

Page 2
December 22, 2023
No. 2023AP1399-OA      Clarke v. Wisconsin Elections Commission

IT IS FURTHER ORDERED that Dr. Grofman and Dr. Cervas shall have no contact with the parties in this matter, their attorneys, or the experts retained by the parties other than through service of materials filed with the court, as outlined in this order;

IT IS FURTHER ORDERED that on or before 4:00 p.m. on December 26, 2023, Dr. Grofman and Dr. Cervas shall submit a letter to this court identifying the technical specifications and necessary data that should be submitted with each of the parties' proposed remedial maps and supporting materials. The letter shall be attached to an email addressed to clerk@wicourts.gov. The clerk shall file the letter into the record in this case. The parties' submissions described in the following paragraphs shall fully comply with the requirements identified in this letter;

IT IS FURTHER ORDERED that the parties shall confer and attempt to reach a stipulation as to the redistricting data that will be used in this case by all the parties, Dr. Grofman and Dr. Cervas, and this court. No later than 5:00 p.m. on December 30, 2023, the parties shall file either a stipulation as to the redistricting data or a report that the parties were unable to reach a stipulation on that subject. If the parties stipulate that redistricting data other than that maintained by the Legislative Technology Services Bureau or the United States Census Bureau is to be used in drawing remedial maps, the parties shall file with this court an electronic storage device containing a copy of all stipulated data and shall serve an electronic storage device containing that data on Dr. Grofman and on Dr. Cervas by overnight delivery service. The clerk of this court shall maintain a physical file with all such electronic storage devices filed in this case;

IT IS FURTHER ORDERED that by 5:00 p.m. on January 12, 2024, each party may file a proposed remedial map, one or more supporting expert reports as described below, and other supporting materials, all complying with the parameters set forth in this court's December 22, 2023 decision and with the technical specifications and data requirements identified by the December 26, 2023 letter submitted by Dr. Grofman and Dr. Cervas. Any brief filed in support of a proposed map shall not exceed 50 pages if a monospaced font is used or 11,000 words if a proportional serif font is used. In the alternative, a party may file a letter brief stating that the party supports a map proposed by another party. A letter brief filed in support of another party's proposed map shall not exceed 15 pages if a monospaced font is used or 3,300 words if a proportional serif font is used. In making a submission pursuant to this paragraph, the party shall use the electronic filing system to file the proposed map, supporting brief, expert report(s), and any other supporting documents. Each party filing such documents through the electronic filing system shall deliver eight courtesy hard copies to the clerk of this court by 5:00 p.m. on January 12, 2024, and shall serve via overnight delivery one courtesy hard copy of such documents to Dr. Grofman and one courtesy copy to Dr. Cervas. To the extent a party's submission includes (1) digital redistricting data that has not been previously filed with the court pursuant to a stipulation and/or (2) other supporting digital files, by 5:00 p.m. on January 12, 2024, the party shall file with the clerk of this court an electronic storage device containing such data or digital files. The party shall accomplish service of this digital material by sending via overnight delivery to the other parties and to both Dr. Grofman and Dr. Cervas an electronic storage device containing the

Case 2023AP001399 - 12-22-2023 Court Order re Post-Decision Matters Filed 12-22-2023 Page 3 of 10
Case 1:22-cv-00272-PLM-RMK-JTN ECF No. 159-5, PageID.5542 Filed 01/16/24 Page 4 of 11

Page 3
December 22, 2023
No. 2023AP1399-OA      Clarke v. Wisconsin Elections Commission

same data or digital files as filed with the court. The parties may not send anything to Dr. Grofman or Dr. Cervas that has not been filed with the court and served on the other parties;

IT IS FURTHER ORDERED that any expert report filed in support of a proposed map and accompanying its supporting brief shall set forth the expert's qualifications to offer expert opinions on this subject and shall explain the proposed map and its compliance with the redistricting considerations contained in this court's December 22, 2023 decision. Each expert report shall strive for brevity and shall contain an executive summary not to exceed five pages if a monospaced font is used or 1,100 words if a proportional serif font is used;

IT IS FURTHER ORDERED that on or before January 22, 2024, each party may file a response brief which shall not exceed 25 pages if a monospaced font is used or 5,500 words if a proportional serif font is used;

IT IS FURTHER ORDERED that no later than 5:00 p.m. on January 22, 2024, any non-party that was previously granted leave to file an amicus curiae brief in this proceeding may file a non-party brief, not to exceed 15 pages if a monospaced font is used or 3,300 words if a proportional font is used, in support of or opposing a proposed map;

IT IS FURTHER ORDERED that any other non-party that has not previously been granted leave to file an amicus curiae brief in this proceeding and that wishes to file an amicus curiae brief in support of or in opposition to a proposed map must file a motion for leave of the court to file a non-party brief. Wis. Stat. § (Rule) 809.19(7). Non-parties should consult this court's Internal Operating Procedure III.B.6.c., concerning the nature of non-parties who may be granted leave to file a non-party brief. A proposed non-party brief must accompany the motion for leave to file it and shall not exceed 15 pages if a monospaced font is used or 3,300 words if a proportional serif font is used. Any motion for leave, with the proposed non-party brief attached, shall be filed no later than 5:00 p.m. on January 22, 2024. Any proposed non-party brief for which this court does not grant leave will not be considered by the court;

IT IS FURTHER ORDERED that the form, pagination, appendix, and certification requirements for the briefs outlined above shall be the same as those governing standard appellate briefing in this court for a brief-in-chief and response;

IT IS FURTHER ORDERED that, in addition to the information exchanged via the court filings required above, the parties shall produce to each other, by January 15, 2023, all other data and inputs that their experts used in their remedial analyses. No further discovery shall be permitted;

IT IS FURTHER ORDERED that Dr. Grofman and Dr. Cervas shall prepare and file a written report by February 1, 2024. The report and any supporting documents shall be attached as a pdf document to an email addressed to clerk@wicourts.gov. The clerk of this court shall immediately file the report and supporting documents into the record of this case, which will result in the service of those documents on the parties to this case through the electronic filing

Page 4
December 22, 2023
No. 2023AP1399-OA     <u>Clarke v. Wisconsin Elections Commission</u>

system. Their report shall evaluate each of the parties' submissions based on the criteria identified in the court's December 22, 2023 opinion. Only if no such submission meets the criteria identified in the court's December 22, 2023 opinion should Dr. Grofman and Dr. Cervas submit their own proposed remedial map. Dr. Grofman and Dr. Cervas may, however, suggest technical corrections or minor changes to the parties' submissions as required. Any such technical corrections or minor changes shall be explained in their report. In preparing their report and any proposed remedial map, Dr. Grofman and Dr. Cervas shall not consider any fact outside the record in this case. To the extent that the submission of Dr. Grofman and Dr. Cervas includes (1) digital redistricting data that has not been previously filed with the court or (2) other supporting digital files, Dr. Grofman and Dr. Cervas shall send via overnight delivery to the clerk of this court and to each party an electronic storage device containing such digital data or digital files. The clerk of this court shall file the electronic storage device into the record of this case immediately upon receipt;

IT IS FURTHER ORDERED that, in addition to the information exchanged via the court filings required above, on February 1, 2024, Dr. Grofman and Dr. Cervas shall also send via overnight delivery all other data and inputs used in their remedial analyses. No further discovery of Dr. Grofman and Dr. Cervas shall be permitted;

IT IS FURTHER ORDERED that the parties and all amici who have been granted leave to participate may submit a response brief addressing the report of Dr. Grofman and Dr. Cervas on or before 5:00 p.m. on February 8, 2024. The response briefs shall not exceed 25 pages if a monospaced font is used or 5,500 words if a proportional serif font is used;

IT IS FURTHER ORDERED that the reasonable costs and expenses incurred by Dr. Grofman and Dr. Cervas pursuant to the retainer agreement(s) identified above shall be borne by the parties as determined by the court in a future order;

IT IS FURTHER ORDERED that, notwithstanding the terms of Wis. Stat. § 809.14(3), the filing of a motion in this proceeding shall not operate as an automatic stay of any of the deadlines set forth in this order; and

IT IS FURTHER ORDERED that the "Joint Motion . . . for Corrected LTSB Redistricting Dataset," filed by petitioners, Rebecca Clarke et al.; the Democratic Senator respondents, Senator Tim Carpenter et al.; intervenor-petitioner, Governor Tony Evers; and intervenors-petitioners, Nathan Atkinson et al.; to which a joint response was filed by the Republican Senator respondents, Senator Rachael Cabral-Guevara et al.; intervenor-respondent, the Wisconsin Legislature; and intervenors-respondents, Billie Johnson et al., is denied.

Page 5
December 22, 2023
No. 2023AP1399-OA        Clarke v. Wisconsin Elections Commission

REBECCA GRASSL BRADLEY, J. (*dissenting*). With no lawful authority, the majority (1) outsources the legislature's constitutional responsibility for redistricting to two out-of-state, unelected, and unaccountable political scientists; and (2) gives the director of state courts carte blanche to enter into contracts with these "consultants" with no cap on the fees the parties—including the taxpayers—will be compelled to pay for their "services." The majority sticks the bill for these "services" on the parties but shields the "consultants" from cross-examination, depositions, or any other discovery. So much for the "transparency" the majority often promises but seldom delivers. In abdicating its constitutional duties, the majority allows out-of-state interests to control the rebalancing of political power in Wisconsin. Although the misdeeds of the majority in this case are shocking, they are nonetheless fitting, considering out-of-state money controlled their recent elections. But the people of Wisconsin never consented to this shameless abuse of power.

The majority's order appointing Drs. Grofman and Cervas as "consultants," like the rest of their decisions in this case, raises more questions than it answers. True to form, the majority blazes by procedural irregularities, due process concerns, and abdication of its constitutional duty. The order does not specify with any certainty what roles these two unelected political scientists will play in this litigation and does not identify under what authority the court will be relying on their services. Consistent with their actions throughout this litigation, the members of the majority simply make it up as they go, giving themselves power without any legal basis.

Specifically, the order does not say whether the majority appoints Drs. Grofman and Cervas under Wis. Stat. § 805.06 (allowing for court-appointed referees) or under Wis. Stat. § 907.06 (allowing for court-appointed expert witnesses). This distinction matters because it determines the procedures and limitations of the services provided by Drs. Grofman and Cervas. See Ehlinger v. Hauser, 2010 WI 54, ¶204, 325 Wis. 2d 287, 785 N.W.2d 328 (Ziegler, J., concurring in part, dissenting in part) ("The statutes providing for court-appointed referees or expert witnesses are rife with procedural safeguards that ensure litigants due process of law."). A court-appointed referee under Wis. Stat. § 805.06 assists the court with "matters of account" and obtaining facts to achieve the correct result in complicated litigation matters. Id., ¶76 (majority op.). Additionally, a court-appointed referee can "make findings of fact and conclusions of law" in a written report to be filed with the court. Wis. Stat. § 805.06(5)(a). The parties are statutorily entitled to a hearing on the referee's written report, and the court may adopt or modify the report in whole or in part. Wis. Stat. § 805.06(5)(b). When a court appoints a referee, it "should clearly delineate the court's expectations regarding the types of evidence the referee should examine and the form of the report, including whether the referee should make findings of fact and conclusions of law." Ehlinger, 325 Wis. 2d 287, ¶89. Alternatively, a court-appointed expert witness is subject to cross-examination by the parties, can provide expert opinions for the court's consideration, and is also permitted to generate a written report. See Wis. Stat. § 907.06.

The majority's order frames Drs. Grofman and Cervas as "consultants" hired by the court, but no statutory authority exists for the court to hire outside technical advisors to assist with its decision making. See Wis. Stat. § 751.09 ("In actions where the supreme court has taken

Page 6
December 22, 2023
No. 2023AP1399-OA    Clarke v. Wisconsin Elections Commission

original jurisdiction, the court may refer issues of fact or damages to a circuit court or referee for determination."). If instead the majority relies on some "inherent" power to appoint Drs. Grofman and Cervas as "consultants" in the remedial phase of this case, the majority does not indicate the source of this "power."

While not explicit, the order may be read to suggest the majority intends to have Drs. Grofman and Cervas function as referees under Wis. Stat. § 805.06. For the parties' sake, the order should have made clear under what authority the court appoints the two political scientists and what limitations will be placed on their services. This is important because while court-appointed referees may "share in judicial labor," they "cannot assume the place of the judge." State ex rel. Universal Processing Servs. of Wis., LLC v. Cir. Ct. of Milwaukee Cty., 2017 WI 26, ¶75, 374 Wis. 2d 26, 892 N.W.2d 267. The majority should be particularly mindful of unconstitutionally ceding and delegating its judicial power over substantive matters to two unelected political scientists. Id., ¶136 (Rebecca Grassl Bradley, J., concurring in part, dissenting in part).

The order requires the parties to submit proposed remedial maps that comply with the redistricting considerations detailed in today's majority opinion. As my dissent discusses, however, the majority leaves its amorphous "partisan impact" consideration undefined and provides no direction to the parties regarding how it can be met to the majority's liking. Is it the majority's intention to cede its responsibility for defining this new "partisan impact" metric to Drs. Grofman and Cervas? If so, shouldn't the parties be made aware of how the majority's consultants will consider this metric in analyzing the parties' proposed maps? Will it be the "partisan symmetry" metric[1] defined and developed by Dr. Grofman? These are questions neither the majority opinion nor the order answer, and the omissions seem intentional. No record exists under which maps could be created, so the majority unilaterally chooses "consultants" to draw the maps the majority desires.

If Drs. Grofman and Cervas, as the majority's consultants, will be developing and measuring the partisan symmetry of the proposed maps and opining to the court about which map best meets the criteria outlined in the majority opinion, it would appear they will operate more as expert witnesses rather than referees. If that is the case, they should be subject to depositions and cross-examination so the parties have the opportunity to explore how Drs. Grofman and Cervas formulated their opinions. The order, though, is vague on the duties and responsibilities of the consultants. It allows the majority to quietly delegate its judicial power to two consultants without having to define or apply its own opaque "partisan impact" consideration.

The order allows Drs. Grofman and Cervas to propose their own maps for the court's consideration if they decide none of the parties' proposed maps comply with the criteria listed in

---

[1] Bernard Grofman & Gary King, The Future of Partisan Symmetry as a Judicial Test for Partisan Gerrymandering After LULAC v. Perry, 6 Election L.J. 2, 6 (2007).

Case 2023AP001399 - 12-22-2023 Court Order re Post-Decision Matters Filed 12-22-2023 Page 7 of 10
Case 1:22-cv-00272-PLM-RMK-JPN ECF No. 159-5, PageID.5546 Filed 01/16/24 Page 8 of 11

Page 7
December 22, 2023
No. 2023AP1399-OA    Clarke v. Wisconsin Elections Commission

the majority opinion. Again, the order provides no clarity as to how the political scientists should develop their own proposed maps and does not offer the parties any opportunity for discovery of the political scientists' considerations in drawing their proposed maps. In the event this is the course taken by the majority and the political scientists, it risks becoming an abdication of the court's judicial power vested in the court (but certainly not consultants) by Article VII, Section 2 of the Wisconsin Constitution.

Lastly, the parties may object to the appointment of Drs. Grofman and Cervas because no party, besides the Clarke petitioners, had any meaningful opportunity to suggest experts. Without briefing by the parties, much less their knowledge or consent, the majority contacted Drs. Grofman and Cervas ex parte to solicit their services. The majority should not have sprung this monumental change on the parties without input from each of them.

This entire case is rife with procedural and substantive defects produced by the majority's ridiculously expedited timeline. In its haste, the majority orders the parties to propose maps that comply with all of the parameters set forth in its opinion, but the majority failed to define each of the criteria it will consider. Two unelected political scientists will rebalance political power in this state, without any lawful authority and without the consent of the people of Wisconsin.

I am authorized to state that Chief Justice ANNETTE KINGSLAND ZIEGLER joins this dissent.

BRIAN HAGEDORN, J. (*dissenting*). The court's order is problematic. As Justice Rebecca Grassl Bradley's dissent explains, the selection of these consultants, the legal authority undergirding their appointment, and the responsibilities they will undertake all raise a host of questions. I likewise dissent to the order.

Samuel A. Christensen<br>
Clerk of Supreme Court

Distribution List Continued:

| | |
|---|---|
| T.R. Edwards<br>Electronic Notice | Hayden Johnson<br>Electronic Notice |
| Mark P. Gaber<br>Electronic Notice | Nicholas O. Stephanopoulos<br>Electronic Notice |
| Ruth M. Greenwood<br>Electronic Notice | John Freedman<br>Electronic Notice |
| Steven C. Kilpatrick<br>Electronic Notice | Elisabeth S. Theodore<br>Electronic Notice |
| Thomas C. Bellavia<br>Electronic Notice | Rachel C. Tucker<br>Electronic Notice |
| Charlotte Gibson<br>Electronic Notice | Daniel M. Vitagliano<br>Electronic Notice |
| Karla Z. Keckhaver<br>Electronic Notice | Taylor A.R. Meehan<br>Electronic Notice |
| Jessie Augustyn<br>Electronic Notice | Kevin M. St. John<br>Electronic Notice |
| Tamara Packard<br>Electronic Notice | Matthew H. Frederick<br>Electronic Notice |
| Eduardo E. Castro<br>Electronic Notice | Scott A. Keller<br>Electronic Notice |
| Annabelle E. Harless<br>Electronic Notice | Gabriela Gonzalez-Araiza<br>Electronic Notice |
| Brent Ferguson<br>Electronic Notice | Adam K. Mortara<br>Electronic Notice |
| Benjamin Phillips<br>Electronic Notice | Shannon Grammel<br>Electronic Notice |

Case 2023AP001399 - 12/22/2023 Court Order re Post-Decision Matters Filed 12-22-2023 Page 9 of 10
Case 1:22-cv-00272-PLM-RMK-JTN ECF No. 159-5, PageID.5848 Filed 01/16/24 Page 10 of 11

Page 9
December 22, 2023
No. 2023AP1399-OA     Clarke v. Wisconsin Elections Commission

Richard M. Esenberg
Electronic Notice

Luke N. Berg
Electronic Notice

Nathalie E. Burmeister
Electronic Notice

Anthony D. Russomanno
Electronic Notice

Brian P. Keenan
Electronic Notice

Faye B. Hipsman
Electronic Notice

Mel Barnes
Electronic Notice

Sarah A. Zylstra
Electronic Notice

Tanner G. Jean-Louis
Electronic Notice

Dax L. Goldstein
Electronic Notice

Christine P. Sun
Electronic Notice

John B. Hill
Electronic Notice

Jessica Amunson
Electronic Notice

Sam Hirsch
Electronic Notice

Arjun Ramamurti
Electronic Notice

Elizabeth Deutsch
Electronic Notice

Michael R. Ortega
Electronic Notice

C'Zar Bernstein
Electronic Notice

Tony Wilkin Gibart
Adam Voskuil
Daniel P. Gustafson
Midwest Environmental Advocates
634 W. Main St. Suite 201
Madison, WI 53703

Robert Yablon
Bryna Godar
State Democracy Research Initiative
University of Wisconsin Law School
975 Bascom Mall
Madison, WI 53706

Matthew W. O'Neill
Fox, O'Neill & Shannon, S.C.
622 North Water Street
Milwaukee, WI 53202

Margo S. Kirchner
Wisconsin Justice Initiative, Inc.
P.O. Box 100705
Milwaukee, WI 53210

Daniel J. Schneider
2707 W. Augusta Blvd., Unit 2
Chicago, IL 60622

Nathan J. Kane
WMC Litigation Center
501 East Washington Avenue
Madison, Wisconsin 53703

Page 10
December 22, 2023
No. 2023AP1399-OA  <u>Clarke v. Wisconsin Elections Commission</u>

Samuel T. Ward-Packard
Elias Law Group LLP
250 Mass. Ave. NW, Suite 400
Washington, D.C. 20001

Nicholas E. Fairweather
Hawks Quindel S.C.
409 E Main Street
Madison, WI 53703

Abha Khanna
Elias Law Group LLP
1700 Seventh Ave., Suite 2100
Seattle, WA 98101

William K. Hancock
Julie Zuckerbrod
Elias Law Group LLP
250 Mass. Ave. NW, Suite 400
Washington, D.C. 20001

Jonathan B. Miller
Michael Adame
Public Rights Project
490 43rd Street, #115
Oakland, CA 94609

Prof. Jonathan Cervas
Carnegie Mellon Institute for Strategy and
Technology
5000 Forbes Ave.
Pittsburgh, PA 15213

Prof. Bernard Grofman
UC Irvine School of Social Sciences
5229 Social Science Plaza B
Irvine, CA 92697