UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DONALD AGEE, JR. *et al.*, <br>    Plaintiffs, <br><br> v. <br><br> JOCELYN BENSON, in her official capacity as the Secretary of State of Michigan, *et al.*, <br>    Defendants. | No. 1:22-cv-272 <br><br> Three-Judge Court |

**ORDER APPOINTING REVIEWING SPECIAL MASTER**

1. On January 11, 2024, we gave notice of our intent to appoint Dr. Bernard Grofman as Reviewing Special Master to evaluate the Commission's remedial plan and to advise the court as to whether, in his opinion, that plan lawfully remedies the constitutional violations identified in this court's December 21, 2023, opinion and order.  Dr. Grofman has since confirmed his availability and has filed an affidavit affirming that he has no "relationship to the parties, attorneys, action, or court" that would require his disqualification under 28 U.S.C. § 455.  *See* Fed. R. Civ. P.  53(a)(2), (b)(3)(A); ECF No. 161.

2. On January 16, 2024, the plaintiffs objected to Dr. Grofman's appointment, arguing that Dr. Grofman cannot be impartial given his "professional ties" to Dr. Lisa Handley, the Commission's former Voting Rights Act expert, and to Mark Braden, the Commission's new Voting Rights Act legal counsel.  Specifically, the plaintiffs argue that, because Dr. Grofman has co-authored academic articles with Handley and has edited a book that includes a chapter by Braden, he cannot "provide an independent review" of the Commission's remedial redistricting plan.  On January 17, 2024, the Commission filed a response.

1

3. The plaintiffs' objections are overblown. Dr. Grofman is a distinguished political scientist with more than 40 years' experience in the areas of redistricting, voting rights, and political science methodology. He has co-authored five books, co-edited more than 20 others, and has written over 300 research articles and book chapters. It is therefore hardly surprising—and not at all concerning—that Dr. Grofman has worked with both Handley and Braden, each of whom has long experience in the areas of redistricting and voting rights. We are confident that Dr. Grofman's prior professional relationships will not impact his ability to be impartial in this case.

4. Moreover, the plaintiffs' objections read as if this court will adopt as a matter of course whatever Dr. Grofman recommends regarding the legality of the Commission's remedial districting plan. Yet Dr. Grofman, in his capacity as Reviewing Special Master, will provide the court with only a recommendation—not a ruling. We will make our own judgments about whether the Commission's remedial plan cures the constitutional violations that we identified in our 116-page opinion and order. *See* ECF No. 131. The plaintiffs' principal concern—namely, that Dr. Grofman will lead this court to accept "the same ill-fated VRA analysis" that we previously rejected—is therefore misplaced.

5. In addition, Dr. Grofman is undisputedly one of the most experienced and respected experts in the field of redistricting. Dr. Grofman has participated in dozens of redistricting cases as an expert witness or special master—including, most notably, by serving as a court-appointed special master to draw or review remedial districting plans in Utah, New York, Georgia, Virginia, and Wisconsin. He has also consulted for the Department of Justice, for both major political parties, and for various civil rights groups such as the NAACP Legal Defense and Educational Fund. In 2017, Dr. Grofman won the American Political Science Association's Charles Merriam

award, which is awarded biennially to a scholar whose published work and career represent a significant contribution to the art of government through applied social science research.

6. We therefore conclude that Dr. Grofman's opinion—specifically, as to whether the Commission's remedial districting plan lawfully remedies the constitutional violations previously identified by this court—would be of considerable value to us during the remedial map-drawing process.  The plaintiffs' objections are overruled.

**IT IS HEREBY ORDERED** that:

1. Pursuant to Federal Rule of Civil Procedure 53, we appoint Dr. Bernard Grofman as a Reviewing Special Master, subject to the conditions set forth below and to the requirements of Federal Rule of Civil Procedure 53(b)(2).

2. The Reviewing Special Master is empowered and charged with the duty to evaluate the Commission's remedial plan and to advise the court as to whether, in his opinion, that plan lawfully remedies the constitutional violations identified in this court's December 21, 2023, opinion and order.  *See* ECF No. 131.  Dr. Grofman will also advise the court regarding Dr. Barber's plan in the event that the court asks him to do so.

3. The Reviewing Special Master shall submit to this court—on the public docket, by March 15, 2024—his report regarding whether the plan adopted by the Commission lawfully remedies the constitutional violations identified in this court's December 21, 2023, opinion and order.  The parties may each file briefs commenting on the Reviewing Special Master's report no later than March 20, 2024.

4. The Reviewing Special Master is authorized to retain appropriate assistants as may be reasonably necessary for him to accomplish his task within the time constraints imposed by this Order.

3

5. The Reviewing Special Master and his assistants may not engage in *ex parte* communications with the parties or their counsel. The Reviewing Special Master may engage in *ex parte* communication with this court.

6. The Reviewing Special Master shall maintain orderly files consisting of any written findings and recommendations. All other materials relating to the Reviewing Special Master's work should be preserved until relieved of this obligation by this court.

7. All reasonable costs and expenses of the Reviewing Special Master, including reasonable compensation for that person and any assistants he may retain, shall (subject to the court's approval) be paid by the Michigan Independent Citizen's Redistricting Commission. The Reviewing Special Master shall take care to protect against unreasonable expenses.

**IT IS SO ORDERED.**

Date: January 18, 2024

/s/ Raymond M. Kethledge
  Raymond M. Kethledge
  United States Circuit Judge

/s/ Paul L. Maloney
  Paul L. Maloney
  United States District Judge

/s/ Janet T. Neff
  Janet T. Neff
  United States District Judge